## JOHNSON v. YOUNG ET AL.

INJUNCTION — JURISDICTION — SUPREME COURT.— Civil Code, section 144, gives to district courts and judges power to grant injunctions "pending proceedings in the supreme court on appeal or writ of error," with a view to relieving the supreme court from the duty of considering applications for such injunctions, of which it will only assume jurisdiction when there exists some unusual or extraordinary reason therefor.

*Appeal from District Court of Gunnison County.*

Mr. L. C. ROCKWELL, for appellant.

Mr. ALEX. GULLETT and Messrs. THOMAS BROS. & WEGENER, for appellees.

PER CURIAM. This is an original application for a temporary injunction to keep the property involved in the litigation *in statu quo* until the determination of proceedings in this court.

By section 144, Civil Code of 1887, district courts and judges are authorized to grant injunctions "pending proceedings in the supreme court on appeal or writ of error." The object of the provision mentioned clearly was to relieve parties from the additional expense attending such applications and hearings in this court, and

also to relieve the court itself, in a measure, from the duty of considering them. For obvious reasons, the trial court can more speedily, economically and satisfactorily consider these applications.

No doubt exists but that the supreme court is vested with authority to grant injunctive relief of the kind, and for the purpose, under consideration; but in view of the burdened condition of the docket, and the consequent pressure of regular appellate business, we feel constrained to invoke the benefit of the statute. As a rule, only in cases where there exists some unusual or extraordinary reason why this court should assume the jurisdiction in question will it be entertained. No such reason appearing in the present case, the application is denied.

*Application denied.*