[No. 4359.]

THE AJAX GOLD MINING COMPANY v. HILKEY ET AL.

1. **Injunction—Appellate Practice.**

The appellate court will entertain an application for injunction in a cause pending on appeal or writ of error, only where there exists some unusual or extraordinary reason why the appellate court should assume such jurisdiction.

2. **Injunction—Pending Appeal.**

Trial courts should be liberal in allowing injunctions to preserve the status quo pending appeal, in causes appealed in good faith, when if awarded the appellee can be protected against all loss by a sufficient bond, and if refused the object of the appeal would be thwarted, and the fact that a temporary writ allowed before trial was vacated when judgment was pronounced on the merits should not deter the trial court from protecting the rights of the parties pending appeal.

3. **Injunction—Jurisdiction—Pending Appeal.**

The district court has jurisdiction to entertain an application for injunction in a cause appealed from such district court, although the cause has been removed by appeal to the appellate court, and the fact that the court is presided over by a different judge when the application for injunction is made, than the one who tried the case, does not affect such jurisdiction.

*Appeal from the District Court of Teller County.*

*Motion for an Injunction.*

Messrs. COLBURN & DUDLEY and Mr. J. C. HELM, for appellant.

Mr. W. O. TEMPLE and Mr. S. D. CRUMP, for appellees.

*Per Curiam.*—This is what is commonly known as an apex suit. In the district court before a trial a temporary injunction was granted to plaintiff by which defendants were restrained from removing ore from the vein in dispute, but, upon final hearing, the decision upon the merits being in favor of defendants, it was dissolved. After the appeal was lodged in this court, appellant applied here for an injunction to preserve the property in controversy during its pendency. This application was denied without prejudice, and leave granted to present the same to the district court, which, by section 144 of the civil code of 1887, is authorized to grant writs of injunction pending proceedings in the supreme court, on appeal or writ of error. Appellant then made his application there; but the court, then presided over by a different judge from the one before whom the trial was had, refused to hear it upon the merits, apparently because he questioned the jurisdiction of a trial court to entertain or grant such applications after the cause was removed to an appellate court. He seemed, also, to have some doubt as to the propriety of the same court that heard and decided the cause passing upon an application for an injunction after final judgment and pending an appeal, especially when presided over by a judge other than the one before whom the trial was had. Appellant thereupon filed in this court a petition asking permission to renew his application, which was granted, the court reserving,

however, the right to determine upon the hearing whether it would assume jurisdiction.

At the time originally set for its hearing, appellees were not prepared, and a temporary writ was issued to hold until further order of the court. Appellees have now appeared and they object to the exercise of jurisdiction by this court, and also contend that under the showing made by them the writ, in any event, should not go.

In the case of *Johnson v. Young,* 13 Colo., 382, it was declared to be the rule that, only in cases where there exists some unusual or extraordinary reason why this court should assume such jurisdiction, will it be entertained. The appellant insists that unusual and extraordinary conditions do prevail in this case. If this was the only application likely to be presented to us, possibly we would resolve the doubt in favor of appellant and assume jurisdiction. It is urged by counsel that the consideration which the court must necessarily give in ascertaining whether it will take jurisdiction will consume as much time and involve as much labor as would be required to pass upon the merits. That may be true, and if this was the only application with which we are to be confronted, the suggestion might be controlling. But, following the established practice, we shall deny the application and give to the appellant leave to renew the same with all convenient speed before either of the judges of the trial court. In view of this conclusion, we deem it not only a matter of justice to appellant, but entirely appropriate to make some further comments:

Where an appeal has, in good faith, been perfected, we assume that trial courts will be liberal in allowing an injunction to preserve the *status quo,* when if awarded the appellee can be protected against all loss by a sufficient bond, and when, if refused, the

very object of the appeal would be thwarted. The fact that, in cases like this, the temporary writ which was allowed before the trial, was vacated when judgment was pronounced on the merits, should not deter the trial court from protecting the rights of the parties or interfere with its exercise of a sound judgment merely because the controversy was decided by it against the contention of the appellant, whose rights, pending appeal, deserve protection. We observe, also, that upon the showing made upon this hearing, any court which has, and assumes, jurisdiction, ought not for a moment to hesitate to grant the writ, and it is only fair to suppose that it was not awarded by the judge of the district court because of his doubt of jurisdiction, and of his natural hesitancy in reviewing the action of an associate. The chief assignment of error upon which appellant relies for reversal is based upon a certain instruction given by the trial court, which is, to say the least, of such questionable propriety, that the property in dispute should be preserved to await the final decision on the appeal.

Again, we reassert what was stated in the case of *Johnson v. Young, supra,* which probably was not called to the attention of the court below, that the district court has undoubted jurisdiction, which should be exercised, to entertain this application, though the cause has been removed by appeal to this court. While the district judge in the circumstances disclosed by this record, and for the reasons suggested, may have been embarrassed in passing upon this motion when first presented, we apprehend that, with this opinion before him, in which the jurisdiction and duty of trial courts and judges are pointed out, there will now be no hesitancy by him or his associate judge in giving a hearing to appellants. For these reasons, we think appellants' rights will be protected

though we do not directly award the appropriate relief.

In the meantime, and until final action in the district court upon the merits of the motion, the temporary writ heretofore issued herein will remain in force. It will be set aside when the fact is properly made known to us that such final action is there had.

*Application dismissed.*