RAILROAD COMMISSION OF WISCONSIN ET AL. v. MAXCY, RECEIVER, ET AL.

No. 464. Argued November 24, 1930.—Decided January 5, 1931.

*Mr. Suel O. Arnold,* with whom *Mr. John W. Reynolds,* Attorney General of Wisconsin, was on the brief, for appellants.

*Mr. Robert M. Rieser,* with whom *Messrs. H. L. Butler, H. H. Thomas, B. H. Stebbins,* and *R. M. Stroud* were on the brief, for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Maxcy, Receiver of the Washburn Water Works Company, by an original bill filed in the United States District Court, Western District of Wisconsin, January 2, 1929, sought to prevent enforcement of an order by the Wisconsin Railroad Commission dated December 4, 1928, which denied application of that Company for permission to make a general increase in water rates.

After answer the cause was heard, by stipulation, on the pleadings and affidavits. Without opinion or findings the court entered a decree April 5, 1929, enjoining enforcement of the challenged order, as prayed by the bill. Upon appeal here that decree was set aside and the cause remanded with directions to make findings of fact and conclusions of law and enter a decree thereon. *Railroad Commission* v. *Maxcy,* 281 U. S. 82.

Obeying our mandate the court below made proper findings, and entered a final decree July 5, 1930. The present appeal followed.

The Railroad Commission appraised the property of the Water Works Company for rate making purposes at $75,000.00. It estimated the probable future annual operating income as $17,720.00, operating expenses $12,868.32, net annual return $4,852.82. And it said this

would yield something less than 7% on the approved valuation of the property devoted to public use.

Having again heard the cause upon pleadings and affidavits the court held that the valuation placed upon the property by the Railroad Commission was too low and contrary to the evidence; also that the Commission's estimate of operating expenses was too low and contrary to the evidence; and further that the Commission's order if enforced would cause confiscation. Accordingly, it entered a final decree restraining the defendants from taking any steps to enforce the order.

After examining the findings and conclusions and the record upon which they are based, we can find no adequate reason for disapproving the result reached by the court below. Its decree will be affirmed.

The facts are peculiar; the applicable principles of law have been stated in former opinions here. To enter upon a detailed discussion of them at this time would serve no useful purpose.

*Affirmed.*