## No. 19,773.

F. E. Woitchek, et al., *v.* Hans D. Isenberg, et al.
(379 P. [2d] 392)

Decided March 4, 1963.   Rehearing denied March 18, 1963.

Mr. Francis W. Jamison, Mr. James H. Murphy, for plaintiffs in error.

Mr. Benjamin E. Sweet, for defendants in error.

*En Banc.*

Mr. Chief Justice Frantz delivered the opinion of the Court.

THIS suit represents another chapter in the dispute between the Isenbergs and the Woitcheks, respectively the owners of the servient and dominant estates created by an easement.

In 1957 the Isenbergs filed their complaint, alleging that the Woitcheks had violated the terms of an easement across the Isenbergs' land. They sought an injunction terminating the easement. Trial was had, and at the conclusion of the evidence, the court refused to terminate the easement, but did enjoin the Woitcheks from leaving the gates open, driving at excessive speeds over the easement, and causing excessive noise. The Isenbergs were enjoined from digging ditches across the right of way so large as to impede or obstruct travel.

This decree was affirmed by this court in all respects on November 14, 1960, but the case was remanded with directions that a survey be conducted for the purpose of determining the location of the right of way. *Isenberg v. Woitchek,* 144 Colo. 394, 356 P. (2d) 904.

On August 2, 1960, and while the case was still pending in this court, the Isenbergs filed, in the trial court in the same action, their "Petition for Injunction and Declaratory Judgment," again alleging misuse of the easement. Such misuse, according to the petition, consisted of a number of violations occurring since the trial of the issues made by the original complaint and answer. It was also alleged that a county road immediately in front of the Woitcheks' property had been completed and could be used by the Woitcheks. Pursuant to the request of the Isenbergs, a citation issued to the Woitcheks, commanding them to appear and show cause why they should not be enjoined from using the right of way or passing over the Isenbergs' land.

A hearing was held on the return day, at the conclusion of which the trial court took the matter under advisement. On December 13, 1960, an order and judgment permanently enjoining the Woitcheks from the

use of the easement in question was entered, and the court adjudged the easement terminated.

Extensive findings, supported by evidence, were made by the trial court. Preliminarily, the trial court observed that "testimony was offered by and on behalf of [the Isenbergs] and [the Woitcheks], although no answer was filed by [the Woitcheks]."

The instrument, of which the trial court took note, provided in part that:

"For One Dollar and other valuable consideration, I, D. P. Wilmot, * * * hereby agree to give Florence M. Johnson * * * a right of way through [certain described realty]. I, Florence M. Johnson, hereby agree to keep the gate at main entrance of Cub Creek closed and see that the property belonging to D. P. Wilmot is not disturbed or destroyed in any way."

It was found that neither the Isenbergs nor the Woitcheks had a permanent residence in Colorado, but used their properties during the summer time; that the Isenbergs, in the absence of the Woitcheks, erected aluminum signs on the entry gate reading "Private Road"; and that, when the Woitcheks returned, these signs were torn down and thrown away.

The court further found that the Woitcheks, instead of using the easement in question, took a more direct route to get to their house; that, in doing so, they crossed the Isenbergs' meadowland upon which hay was growing; that they not only drove over meadowland but drove over piles of hay thereon; and that "even though the [Woitcheks] were requested by the [Isenbergs] to cease and desist from driving over said land and the hay piled thereon, they persisted in so doing."

The court visited the premises in question and gained, as it stated, "first-hand knowledge" that permitted it to better understand and evaluate the evidence presented.

Among the matters verified by the trial court in personally viewing the premises was the existence of a well-maintained county road by which the Woitcheks

could have ingress and egress to their property without crossing the lands of the Isenbergs.

In disposing of the disturbing factor that the Isenbergs may not have "followed proper procedure to procure an injunction or termination of the easement," the trial court rationalized thus:

" * * * To begin with, generally speaking a trial court loses jurisdiction in a case when it has been appealed to a higher court. However, in this case we are now adjudicating acts that occurred since the original trial and we think we have a right to do that."

The court thereupon entered a judgment favorable to the Isenbergs and against the Woitcheks, terminating the easement and enjoining the Woitcheks "from further crossing the lands of the plaintiffs at any point by virtue of said easement agreement." It is this judgment we are asked to reverse on this writ of error.

The only question to be resolved relates to the jurisdiction and authority of the trial court to consider conduct of the Woitcheks subsequent to the trial of the original issues, and at a time when the propriety of the resolution of such issues was the subject of inquiry before this court on writ of error.

Our answer to this question involves the use of the injunctive remedy to consummate restraint on acts of the Woitcheks, and the forfeiture, in effect, of the easement while the original case was before us, without a supersedeas having issued.

An adjudication "that said easement be and the same is hereby terminated; that the [Woitcheks] be and they are hereby enjoined from further crossing the lands of the [Isenbergs] at any point by virtue of said easement agreement" is tantamount to a judgment of forfeiture. By a forfeiture, one is involuntarily divested of specific property without compensation, in consequence of some default or act forbidden by law. *Stennick v. J. K. Lumber Co.,* 85 Ore. 444, 161 Pac. 97; see *Hoff v. Girdler Corporation,* 104 Colo. 56, 88 P. (2d) 100.

■ By virtue of Rule 62 (a), R.C.P. Colo., the trial court could, in its discretion, "suspend, modify, restore or grant an injunction" so long as this court had not granted a supersedeas. At least since 1887, it has been recognized statutorily that trial courts "can more speedily, economically and satisfactorily consider" application for injunctive relief in actions which are pending in the Supreme Court. *Johnson v. Young,* 13 Colo. 382, 22 Pac. 769. An obvious reason for such recognition is that trial courts are equipped to conduct the trial process.

■ But injunctive proceedings may not be invoked to bring about a forfeiture of a property right. Injunction and forfeiture cannot be equated; they are separate and distinct concepts. Language indicative of the propriety of this statement is found in *Clark v. Reynolds,* 125 Va. 626, 100 S.E. 468:

"There is some evidence in the record tending to show that at times the use of the right of way in question has been abused by the complainants by driving out of the limits of the way and trespassing on the adjoining land. There is not, as we understand counsel, any contention that such misuse has amounted to an extinguishment of the way, and if there were such contention it could not be upheld. The defendant has an adequate remedy by action for damages, or, if occasion should demand by a suit for injunction, to correct abuses in the exercise of the complainants' rights."

The trial court had jurisdiction and authority to entertain a proceeding seeking injunctive relief, pursuant to Rule 62 (a), but it was without authority to decree a forfeiture in the premises, and therefore the judgment is reversed.

MR. JUSTICE MOORE not participating.