STATE OF HAWAII, Plaintiff-Appellee, *v.* DAVID HINA BRIGHTER, Defendant-Appellant

NO. 7444

OCTOBER 10, 1980

HAYASHI, C. J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from an order denying the return to appellant of property seized by police from his father's house when after two-and-a-half years, the evidence had been suppressed, the prosecution dropped and all the property except "contraband" ordered returned. We hold that there was no competent evidence to support the order below, that the State had the burden of proof which it failed to meet and consequently, we reverse for further proceedings.

The property in question was seized by the police from the residence of Appellant Brighter's father. Some thirty policemen entered the residence pursuant to a search warrant executed on August 6, 1976 which specifically listed five items for seizure; however, over one hundred items were taken, allegedly after the appellant, who was undergoing drug withdrawal symptoms when the police executed the warrant, identified at least some of the items as having been stolen by others and purchased from them by him. The four-page property receipt for the seized property prepared by the police and signed by appellant described some items specifically but described others generally such as "Large Cardboard Box Jewelry/Radio". Appellant was subsequently charged with theft in the first degree, *Hawaii Revised Statutes* § 708-831(1)(b).

On December 15, 1978, the appellant's motion to suppress statements made during the August 6, 1976 search and

all evidence obtained as a result of those statements was granted on the grounds that the coercive atmosphere surrounding appellant's questioning and the heroin withdrawal appellant experienced at the time of questioning prevented the court from concluding that the statements had been made voluntarily. Subsequent to the suppression of the evidence, the government filed an order of *nolle prosequi* on January 29, 1979.

On March 12, 1979, appellant moved, pursuant to Rule 41(e), *HRPP*, for an order for the return of the property which the police had seized. The court ordered all noncontraband items returned. That order was not appealed. The police, however, refused to release any of the items recovered on the grounds that they were all contraband. Appellant therefore filed a "Motion for Adjudication of Defendant's Property Rights in Property Already Under an Existing Order to be Restored to Defendant."

At the close of the hearing on the motion on May 11, 1979, the following exchange took place:

THE COURT: If you — okay. Now, I understand what you're saying, but if you look at Rule 42(e), doesn't the Prosecution have the burden of showing that the items were subject to lawful detention?

MR. KAOLULO [The Prosecutor]: I believe that's correct, your Honor.

THE COURT: And has the Prosecution sustained the burden in this case?

MR. KAOLULO: I believe not. I was going to get to that point; and that is, the order was issued by this Court that the items on the property list which was not contraband be returned to this person here. A request was made. Detective Kadota indicated that he considered all of those contraband and therefore, refused to return any of the items.

The Prosecutor's Office really has a tenuous authority over Detective Kadota to force him to return these items. I would submit to this Court that Detective Kadota should be brought into Court to testify as to why he considered these things to be contraband.

THE COURT: How — whose burden is it to produce the detective?

MR. KAOLULO: At this point, I submit to the Court that I felt it was defendant's — not defendant, but David Hina Brighter's burden to subpoena Detective Kadota to come into Court and explain to the Court why the request was denied by him. That is, if he didn't follow the order of the Court, the Court should issue a contempt warrant for him.

And at that time, he could explain to the Court his reasons and whatever proof he has as to whether these items may be contraband or not.

THE COURT: All right. Any other arguments?

MR. KAOLULO: None, your Honor.

THE COURT: I'm going to reserve ruling on this case until the end of the calendar.

Subsequently, the court ruled there was a "lawful detention" and on June 8, 1979 entered its "Order Denying in Part and Granting in Part Motion for Adjudication of Defendant's Property Rights in Property Already Under an Existing Order to be Returned to Defendant." In that order, the court ordered the return of four specific items which it found to be the property of appellant's parents and denied the rest.

The only evidence before us which in any way supports the result below appears in the testimony of Detective Richard Kadota at the December 15, 1978 suppression hearing where he says that property was taken after the appellant pointed the items out as belonging to him but as having been stolen. The transcript, however, reveals that at the close of that hearing, the judge below said:

It's uncontroverted that the defendant has been, or was at the time, an addict, and there is evidence that he was suffering withdrawal symptoms surrounding the time that the statement of August 6 was taken. And when viewed with the coercive atmosphere in the execution of the search warrant, I cannot conclude that any statements that he made was voluntary on that day.

Subsequently, the order to suppress the statements and the evidence was entered and that order was not appealed.

That being the state of the record, when the May 11, 1979 hearing was held, we hold it was clear error for the court below to rely on Detective Kadota's December 15, 1978 statement as to what appellant said on August 6, 1978 in deciding that the State was lawfully detaining the property.

Appellee's position on appeal, however, is that the appellant had the burden of proving that the items seized were not contraband and that consequently, the order below can be sustained since appellant failed to meet that burden. We disagree.

Once evidence has been suppressed, a defendant has a right to its possession unless it is subject to lawful detention. The language of *HRPP* 41(e) provides:

> A person aggrieved by an unlawful search and seizure may move the court having jurisdiction to try the offense for the return of the property, or to suppress for use as evidence anything so obtained, or both. The judge shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted the property *shall be restored unless otherwise subject to lawful detention* and it shall not be admissible in evidence at any hearing or trial.

(Emphasis supplied). The rule is unequivocal in its statement that once a motion to suppress or a motion for return of property has been granted, the property shall be restored unless it is subject to lawful detention. Federal Rule of Criminal Procedure 41(e), the federal analogue to *HRPP* 41(e), has been similarly construed. *See* e.g., *U.S. v. Margeson*, 259 F.Supp. 256, 272 (E.D. Pa. 1966).

Indeed, a defendant has a right to property *lawfully* seized where the government no longer has reason for its retention. For example, in *Boyle v. Kelley*, 385 N.Y.S.2d 791, 53 App. Div.2d 457 (1976), the court, in a civil action brought to recover $14,000 that had been seized along with betting slips from the defendant in a lawful search, ordered the return of the money after the charges against the defendant had been dismissed. The *Kelley* court noted, and we agree, that:

> a fair sense of justice demands that the defendant not be permitted to withhold money that does not belong to him

and which rightfully belongs to the plaintiff. . . .

"One of the basic principles guiding public life in this country is that no governmental body may confiscate a citizen's property without due process of law [citations omitted], indeed, even when incidental to an arrest, police seizure of property other than contraband is unconstitutional. [citations omitted] Here, the taking of cash, claimed incidental to a numbers running charge, appears not to be contraband as opposed to the numbers themselves. . . ."

385 N.Y.S.2d 794-95 (quoting *In Matter of Caggiano v. Frank*, 78 Misc.2d 187, 190, 342 N.Y.S.2d 203, 207 (1973) ).

Since the motion to suppress was granted, Appellant Brighter had a right to possession of the seized property unless, as the government contends, it was contraband.

Once appellant, as the movant, established a *prima facie* case that he was entitled to possession of the property, the government bore the burden of proving by a preponderance of the evidence that it was legally entitled to retain possession of the items. *Cf. U.S. v. Dela Fuente*, 548 F.2d 528, 533 (5th Cir. 1977); *U.S. v. Crocker*, 510 F.2d 1129, 1135 (10th Cir. 1975); *U.S. v. Massey*, 437 F.Supp. 843, 855 (M.D. Fla. 1977). As in hearings on motions to suppress evidence illegally obtained by the government, *see, e.g., Alderman v. U.S.*, 394 U.S. 165, 183, 89 S. Ct. 961 (1969); *U.S. v. Massey, supra*, at 855, to suppress evidence gained pursuant to a warrantless search, *see, e.g., U.S. v. Lee*, 541 F.2d 1145, 1146 (5th Cir. 1976); *Manuel v. U.S.*, 355 F.2d 344, 346 (5th Cir. 1966); *Reeves v. State*, 599 P.2d 727, 739-40 (Alas. S.Ct. 1979), and to suppress statements obtained from a defendant, *see, e.g., U.S. v. Shelby*, 573 F.2d 971, 975 (7th Cir. 1978); *U.S. v. Crocker, supra*, 510 F.2d at 1135, the government bears the burden of proving by a preponderance of the evidence, *Lego v. Twomey*, 404 U.S. 477, 489, 92 S.Ct. 619 (1972); *Alderman v. U.S., supra*, 394 U.S. at 183; *U.S. v. Massey, supra*, 437 F.Supp. at 855; *Reeves v. State, supra*, 599 P.2d at 740, that its acquisition or possession of the evidence is justified.

In *Mr. Lucky Messenger Service, Inc. v. U.S.*, 587 F.2d 15 (7th Cir. 1978), the court found that the lower court should

have exercised its equity powers to determine whether the evidence obtained pursuant to a grand jury search warrant executed nearly one-and-one-half years earlier should have been returned to the defendant where the government had not yet brought charges against him. In its instructions to the lower court on remand, the circuit court indicated that once a defendant established a *prima facie* case, the government should bear the burden of proving its right to retain the defendant's property saying:

> It appears to us that plaintiff on remand, by proving the seizure, the lack of return, and the lapse of time involved will have established the sufficient equitable basis for relief to require the government to go forward with an attempt to justify its conduct.

*Id.* at 18. *See also, Go-Bart Importing Co. v. U.S.*, 282 U.S. 249, 51 S.Ct. 153, 158 (1931).

In the present case, the fact that the evidence in question had previously been suppressed constituted a *prima facie* showing at the Rule 41(e) hearing that Appellant Brighter was legally entitled to possession of his property. Thereafter, the government bore the burden of proving by a preponderance of the evidence that the illegally seized evidence was "contraband", i.e. items that may not be lawfully possessed (such as stolen property) and therefore, legally subject to retention by the State.

That burden was not met. Nevertheless, it appears from the record that there may be evidence not introduced by the State which might meet that burden. For example, the prosecutor at page 53 of the May 11, 1979 transcript, asserts that the police made an inventory "of all items that were taken individually" but that is not in the record. Moreover, testimony from the police officers about the property itself, appearance, serial numbers and the like might aid the State's case. Thus, on remand, the State may be able to meet its burden of proof.

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

*Thomas J. Bowers III* for defendant-appellant.

*Archibald C. K. Kaolulo (Edward H. Kubo, Jr.* on the brief), Deputy Prosecuting Attorney, for plaintiff-appellee.