Argued and submitted October 7, 1980, affirmed June 2, 1981

# STATE OF OREGON,
## *Respondent-Petitioner,*
### *v.*
# SCOTT HUNTER CURRAN,
## *Appellant-Petitioner.*

## SC 27038, SC 27046)

628 P2d 1198

Howard R. Lonergan, Portland, filed the brief and argued the cause for appellant-petitioner. With him on the brief were Clint A. Lonergan and Richard L. Lonergan, Portland.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent-petitioner. With him on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

LENT, J.

**LENT, J.**

After defendant's conviction following a jury trial and sentence upon a charge of unlawful possession of a controlled substance, cocaine,[1] the district attorney filed a motion for an order forfeiting[2] a certain motor vehicle allegedly belonging to defendant. The supporting affidavit alleged that the vehicle belonged to defendant, that defendant used the vehicle "in the unlawful possession and transportation" of the cocaine, and that such possession and transportation constituted a part of the criminal transaction which was the basis of the conviction.

The trial court held that defendant was not entitled to a jury trial and, after hearing, ordered the vehicle forfeited. Defendant appealed,[3] contending the proceedings were a nullity because the Code of Criminal Procedure did not prescribe the procedure for forfeiture and

---

[1] Defendant was prosecuted under ORS 475.992(4):

"It is unlawful for any person knowingly or intentionally to possess a controlled substance * * *. Any person who violates this subsection with respect to:

" * * * * *

"(b) A controlled substance in Schedule II, is guilty of a Class C felony.

" * * * * *"

[2] The district attorney relied upon ORS 167.247(2):

"Any boat, vehicle or other conveyance used by or with the knowledge of the owner, operator or person in charge thereof for the unlawful transportation or concealment of controlled substances shall be forfeited to the state in the same manner and with like effect as provided in ORS 471.660 and 471.665. * * *"

ORS 471.660 and 471.665 provide conditions and manner of seizure of vehicles "transporting alcoholic liquors in violation of law," and for forfeiture of such vehicles.

[3] Defendant's notice of appeal stated that the appeal was from the "judgment, order or decree" entered on May 4, 1979. The document entered that date was entitled "FINDINGS AND ORDER FORFEITING VEHICLE." The notice of appeal further stated: "Attached are copies of judgment and amended judgment appealed from." Attached were a copy of the document entered May 4, 1979, and a copy of a document entitled "SENTENCE" entered March 22, 1979. Despite attachment of the last named document, defendant made no argument in his brief in the Court of Appeals questioning the validity of his conviction on the criminal charge. We mention the unusual nature of the notice of appeal because of our discussion later in the opinion that this is not an appeal from a "judgment on a conviction" under ORS 138.040 and that this proceeding is not in a "criminal action." ORS 138.020, 131.005(6) and (7), and 137.010(6).

contending that he was entitled to a jury trial of the forfeiture proceedings. The Court of Appeals held against defendant on the first contention but for him on the right to a jury trial and reversed and remanded for a jury trial. *State v. Curran,* 45 Or App 859, 609 P2d 427 (1980).

Both defendant and the state petitioned for review, which we allowed, ORS 2.520, 289 Or 587 (1980), to consider the basis for appellate jurisdiction and whether a trial by jury is required.

**Jurisdiction**

As we have noted in the past, appellate jurisdiction is limited and springs from statute. *Smallwood v. Erlandson,* 281 Or 699, 576 P2d 374 (1978). As a direct appeals court, we have dismissed upon our own motion for want of appellate jurisdiction; indeed, such dismissal must take place despite the wishes of the parties when there is no jurisdiction on appeal. *See Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978). As a review court, we have held, on our own motion, that a case in which we have allowed review must be dismissed for want of appellate jurisdiction in the Court of Appeals. *Ragnone v. Portland School District No. 1J,* 289 Or 339, 613 P2d 1052 (1980); *J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 601 P2d 1254 (1979). Consequently, we asked the parties in this case to address that matter in addition to the questions presented by their respective petitions for review.

The state answered, by first seeming to question whether any proceeding under ORS 471.660 and 471.665[4] is

---

[4] ORS 471.660 provides:

"(1) When any peace officer discovers any person in the act of transporting alcoholic liquors in violation of law, in or upon any vehicle, boat or aircraft, or conveyance of any kind, he shall seize any alcoholic liquor found therein, take possession of the vehicle or conveyance and arrest any person in charge thereof.

"(2) The officer shall at once proceed against the person arrested, under the Liquor Control Act, in any court having competent jurisdiction, and shall deliver the vehicle or conveyance to the sheriff of the county in which such seizure was made.

"(3) If the person arrested is the owner of the vehicle or conveyance seized, it shall be returned to him upon execution by him of a good and valid bond, with sufficient sureties in a sum double the value of the property, approved by the court and conditioned to return the property to the custody of the sheriff at a time to be specified by the court.

required at all to forfeit a vehicle found to carry a controlled substance when the owner has been convicted of an offense "in connection with the seizure." The state contended that if a proceeding under those code sections is required, it is a "special statutory proceeding for forfeiture in

"(4) If the person arrested is not the owner of the vehicle or conveyance seized, the sheriff shall make reasonable effort to determine the name and address of the owner. If the sheriff is able to determine the name and address of the owner, he shall immediately notify the owner by registered or certified mail of the seizure and of the owner's rights and duties under this section and ORS 471.665.

"(5) A person notified under subsection (4) of this section, or any other person asserting a claim to rightful possession of the vehicle or conveyance seized, except the defendant, may move the court having ultimate trial jurisdiction over any crime charged in connection with the seizure to return the vehicle or conveyance to the movant.

"(6) The movant shall serve a copy of the motion upon the district attorney of the county in which the vehicle or conveyance is in custody. The court shall order the vehicle or conveyance returned to the movant, unless the court is satisfied by clear and convincing evidence that the movant knowingly consented to the unlawful use that resulted in the seizure. If the court does not order the return of the vehicle or conveyance, the movant shall obtain the return only as provided in subsection (3) of this section.

"(7) If the court orders the return of the vehicle or conveyance to the movant, the movant shall not be liable for any towing or storage costs incurred as a result of the seizure.

"(8) If the court does not order the return of the vehicle or conveyance under subsection (6) of this section, and the arrested person is convicted for any offense in connection with the seizure, the vehicle or conveyance shall be subject to forfeiture as provided in ORS 471.665."

ORS 471.665 provides in part:

"(1) The court, upon conviction of the person arrested under ORS 471.660, shall order the alcoholic liquor delivered to the commission, and shall, subject to the provisions of subsection (3) of this section, and the ownership rights of innocent third parties, order a sale at public auction by the sheriff of the county of the property seized. The sheriff, after deducting the expense of keeping the property and the cost of sale, shall pay all the liens, according to their priorities, which are established by intervention or otherwise at such hearing or in other proceedings brought for that purpose, and shall pay the balance of the proceeds into the general fund of the county. No claim of ownership or of any right, title or interest in or to such vehicle that is otherwise valid shall be held invalid unless the state shows to the satisfaction of the court, by clear and convincing evidence, that the claimant had knowledge that the vehicle was used or to be used in violation of law. All liens against property sold under this section shall be transferred from the property to the proceeds of the sale.

"* * * * *

"(3) In the case of any boat, vehicle or other coneyance seized pursuant to ORS 167.247 the boat, vehicle or other conveyance may, in the discretion of

connection with a violation of a law enacted under the police power." That being so, asserted the state, this is an appeal "in a special statutory proceeding" under ORS 19.010(4).[5]

Defendant answered that a proceeding for forfeiture may be either criminal or civil; accordingly,

"In either case, criminal or civil the statutes providing appeals from judgments in criminal actions ORS 138.040, or of judgments in civil actions, ORS 19.010, provide for appeals where forfeitures are determined in either manner. Here it was done in the criminal action and the criminal appeal statute applies."

This answer, although tempting to adopt and thereby avoid having precisely to fix the source of appellate jurisdiction, will not do because of our discussion below of the nature of this proceeding, and the fact that this appeal was not taken from a "judgment on a conviction." ORS 138.040.

■ The judgment on a conviction in this case was embodied in the document entitled "SENTENCE" dated and entered March 22, 1979. *See* note 2, *supra.* No timely appeal was taken from that judgment. No attempt was made by defendant to question the validity of that judgment. Despite defendant's characterization of the document of May 4, 1979, as an "amended judgment," *see* note 3,

---

the seizing law enforcement agency, following conviction of the person arrested but prior to public auction, be claimed by the seizing law enforcement agency by giving timely notice to the sheriff of the county in which the seizure was made, that the seizing law enforcement agency intends to retain the boat, vehicle or other conveyance for official use. On receipt of notice of such claim, the sheriff shall determine the expense of keeping the boat, vehicle or other conveyance, and all the liens. The seizing agency may then pay the total of the expenses and liens to the sheriff of the county in which the seizure was made. The sheriff shall pay all the liens, according to their priorities, and all other expenses incurred in the seizing and keeping of the boat, vehicle or other conveyance. Upon payment of the liens and expenses, the boat, vehicle or other conveyance shall be delivered to the possession of, and title to the conveyance shall rest in, the seizing agency. The seizing agency then shall put the boat, vehicle or other conveyance to official law enforcement use."

[5] ORS 19.010(4):

"An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

*supra,* it did not purport to, and did not, amend the document entered March 22, 1979. ORS 137.010(6)[6] indicates that an order exercising the authority to decree a forfeiture "may be included as a part of the judgment of conviction," but that was not done here.

Quite simply, this is not an appeal from a judgment on a conviction, and we cannot look to ORS 138.040 as the source of appellate jurisdiction.

■ ORS 138.020 is arguably applicable. That section provides:

> "* * * [T]he defendant may as a matter of right appeal from a judgment in a criminal action * * *."

We resort to ORS 131.005(6) for the definition of a "criminal action":

> " 'Criminal action' means an action at law by means of which a person is accused and tried for the commission of an offense."

By the time the district attorney filed his motion for an order of forfeiture, the defendant had already been accused, tried and sentenced upon conviction of the offense. We are of the opinion that appellate jurisdiction does not arise from ORS 138.020.[7]

---

[6] ORS 137.010(6):

> "This section does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office or impose any other civil penalty. An order exercising that authority may be included as part of the judgment of conviction."

[7] We are somewhat troubled by the possible applicability of ORS 131.005(7):

> " 'Criminal proceeding' means any proceeding which constitutes a part of a criminal action or occurs in court in connection with a prospective, pending or completed criminal action."

This was not a proceeding which was a part of the criminal action, but it could be argued that the proceeding occurred in court in connection with a completed criminal action. We looked to the official commentary contained in the Final Draft and Report (November, 1972) of the Proposed Oregon Criminal Procedure Code, published by the Criminal Law Revision Commission, for some guidance and at page 3 found this statement:

> "(6) 'Criminal action' and (7) 'criminal proceeding' are self-explanatory and are important in the application of the general provisions of the proposed code."

Assuming, *arguendo,* that this was a "criminal proceeding," we find nothing in ORS ch 138 providing for an appeal from an order resulting from such criminal proceeding.

■     One facet remains to be explored. ORS 137.010 is found in that group of code sections dealing with sentencing and judgment on conviction. ORS 137.010(6) prescribes:

> "This section does not deprive the court of any authority conferred by law to decree a forfeiture of property, suspend or cancel a license, remove a person from office or impose any other civil penalty. An order exercising that authority may be included as part of the judgment of conviction."

Neither party has cited or argued the applicability of this subsection, but we think it has significance. It indicates that the legislature viewed the remedy of forfeiture as being a civil penalty. The inclusion of the subsection in the Criminal Procedure Code indicates that the court having jurisdiction to try the criminal action could also proceed to the matter of exercise of authority to decree a forfeiture. The subsection allows, but does not require, the decree of forfeiture to be made a part of the judgment of conviction.

■     We conclude that the trial court was authorized to proceed with the matter of forfeiture without the necessity of resort by the district attorney to a new and separate cause either under ORS 30.410 to 30.450, pertaining to recovery of fines and forfeitures, or by way of an *in rem* proceeding.

All of this leads us to the conclusion that if appellate jurisdiction obtains, the source must be found in ORS 19.010. It will be recalled that the defendant argued that if this is a "civil action," that section applies, but he specified no particular part of the section. The state took the position that this was a special statutory proceeding and ORS 19.010(4), therefore, was the source of appellate jurisdiction. ORS 19.010, in possible pertinent part, is as follows:

> "(1)   A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

> "(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

---

Neither party has argued the applicability of ORS 131.005(7) to this issue of jurisdiction, and we leave elaboration of the meaning and place of this "self-explanatory" term to another day.

" * * * * *

"(c)   A final order affecting a substantial right, and made in a proceeding after judgment or decree.

" * * * * *

"(4)   An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

We have reached the conclusion that ORS 19.010(2)(c) is applicable. The order of May 4, 1979, was final in disposing of the motion for an order of forfeiture. It affected a substantial right and was made in a proceeding after the judgment of conviction. Having reached that conclusion, we need not, and do not, express any opinion as to whether ORS 19.010(4) also may authorize this appeal, but we do note that it is arguably applicable.

**Forfeiture Procedure**

Defendant has argued that the absence of any procedure for effectuating forfeiture in the Code of Criminal Procedure makes the proceedings actually used a nullity. The premise for that position is that forfeiture is a criminal proceeding.

Historically, the concept of a forfeiture is founded on the idea that a chattel attains some guilt in the commission of a criminal act. The concept dates back to biblical times, was part of the Roman system, and was carried over into the English common law. Under early English common law, property which caused death, i.e., a deodand, was forfeited to the Crown to be put to use to provide relief to the dependents of the deceased. This forfeiture action was abolished in England in the mid-nineteenth century and was not carried over into the law of the United States.

Traditionally, the purpose of forfeiture legislation is not merely to punish criminal activity but to make it unprofitable. *Forfeiture of Property Used in Connection with Criminal Acts,* 25 Wayne L R 83, 84 (1978); *see also, Forfeiture of Derivative Contraband Under the Contraband Seizure Act and the Comprehensive Drug Abuse and Control Act of 1970,* 40 Ohio St L J 1007, 1009 (1979). Other

justifications for forfeiture include removing equipment necessary to the carrying on of the illegal activity and recouping some of the costs of law enforcement. *See, Forfeiture of Derivative Contraband, supra.*

■        In forfeiture proceedings a distinction is traditionally made between contraband per se and derivative contraband. Derivative contraband is property which, when used in the normal course of affairs, is legal to possess. Derivative contraband is afforded greater legal protection than is contraband. *See, e.g., State v. 1920 Studebaker Touring Car, et al,* 120 Or 254, 267, 271, 251 P 701, 50 ALR 81 (1927); *accord, United States v. U. S. Coin and Currency,* 401 US 715, 91 S Ct 1041, 28 L Ed 2d 434 (1971). This court, in *Studebaker,* established that a motor vehicle is derivative contraband subject to greater protection than is property inherently injurious to the public welfare. 120 Or at 271.

■        Defendant has argued that despite their designation as civil actions, forfeiture proceedings should be subject to the Code of Criminal Procedure because a forfeiture is not truly civil but is like a fine and is an additional penalty for the charge.[8] In support of this proposition he cites *United States v. U.S. Coin and Currency, supra.* The precise language from *U.S. Coin* reads:

> "But as *Boyd v. United States,* 116 U.S. 616, 634 (1886), makes clear, 'proceedings instituted for the purpose of declaring the forfeiture of a man's property *by reason of offenses committed by him,* though they may be civil in form, are in their nature criminal.' " (Emphasis ours.)

401 US at 718. What *U.S. Coin* makes clear is that while the effect of a forfeiture may be criminal in nature, the

---

[8] The United States Supreme Court has indeed taken a "quasi-criminal" approach to forfeiture proceedings. *See, e.g., Boyd v. United States,* 116 US 616, 6 S Ct 524, 29 LEd 746 (1886). The Court has even been criticized for its failure to make forfeiture truly criminal:

> "Some writers have criticized the [U.S. Supreme] Court's failure to extend criminal safeguards not only· to infamous punishments but to all punishment which is not de minimus—not only imprisonment but also substantial fines and forfeitures which are not criminally labelled. Such penalties can produce greater burdens than usually result from criminal prosecutions arising out of the same offense."

Clark, *Civil and Criminal Penalties and Forfeitures: A Framework for Constitutional Analysis,* 60 Minn L R (Part I) 379, 404 (1976).

form of the forfeiture proceeding is essentially civil. This is consistent with the United States Supreme Court's continued disinclination to apply the full panoply of criminal procedural safeguards to forfeiture proceedings.[9] *One Lot Emerald Cut Stones v. United States,* 409 US 232, 93 S Ct 489, 34 L Ed 2d 438 (1972) (double jeopardy does not preclude subsequent forfeiture proceedings); *Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 US 663, 94 S Ct 2080, 40 L Ed 2d 452 (1974) (refusing to extend full due process rights to forfeiture proceedings).

In Oregon, the remedy of forfeiture of a vehicle used in the transportation or concealment of controlled substances is set forth in ORS 167.247(2). *See* text in note 2, *supra.* ORS 471.665, to which ORS 167.247 refers, provides that, upon conviction of the person arrested and subject to the ownership rights of innocent third parties, the court shall order either a sale at public auction of the seized property or transfer of title to the seizing agency for official law enforcement use. For text, *see* note 4, *supra.*

It is defendant's claim that application of the forfeiture statutes is limited to those situations in which the person arrested is convicted of transporting controlled substances. It is true that ORS 471.660 to 471.665 allow for forfeiture of a vehicle only upon conviction of a person arrested under ORS 471.660, i.e., discovered in the act of transporting alcoholic liquors in violation of law. Sections 471.660 to 471.665 apply to forfeiture of vehicles involved in the illegal transportation of alcoholic liquors. The procedure for vehicle forfeiture contained in those statutes is incorporated into ORS 167.247 regarding forfeiture of vehicles used in crimes involving controlled substances. By

---

[9] *See* n. 8. The U.S. Supreme Court has afforded some criminal procedural safeguards to forfeiture proceedings while declining to recognize others. *See, e.g., United States v. U. S. Coin and Currency,* 401 US 715, 91 S Ct 1041, 28 L Ed 2d 434 (1971), applying the Fifth Amendment right against self-incrimination to forfeiture proceedings.

"Forfeitures are considered criminal penalties for purposes of triggering certain constitutional rights. Nevertheless, the statutes are deemed predominantly civil * * *."

*Forfeiture of Derivative Contraband Under the Contraband Seizure Act and the Comprehensive Drug Abuse and Control Act of 1970,* 40 Ohio St L J 1007, 1010 (1979).

incorporating ORS 471.660 to 471.665, ORS 167.247 provides a procedural framework on which to proceed in forfeiture cases involving controlled substances. However, the underlying crimes which permit vehicle forfeiture in a controlled substance case are broader than the single violation of illegal transportation which determines forfeiture in liquor cases. ORS 167.247(2) refers to forfeiture for unlawful transportation or concealment of controlled substances involving a vehicle used by or with the knowledge of the owner. ORS 167.247(2) permits forfeiture for transportation or concealment, a broader range of underlying offenses than the liquor statutes to which ORS 167.247(2) refers for procedure.

We conclude that the trial court proceedings were not a nullity for want of a procedure prescribed by the Code of Criminal Procedure, and we further conclude that it is of no avail to defendant that transportation of a controlled substance is not a crime.

## Right to Jury Trial in Forfeiture Proceedings

The relevant statutes do not explicitly require a trial by jury in this forfeiture proceeding. Defendant relies upon Or Const Art I, § 17, which provides: "In all civil cases the right of Trial by Jury shall remain inviolate." This court has interpreted Art I, § 17, as follows:

"This court, like others, has recognized that constitutional provisions such as those just cited assure trial by jury in the classes of cases wherein the right was customary at the time the constitution was adopted but do not extend it into other areas."

*Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 336 P2d 39, 337 P2d 810 (1959).

This court has previously considered the question of jury trial in a forfeiture proceeding in a somewhat different factual situation in *State v. 1920 Studebaker Touring Car, et al, supra,* in which the court found that the right to a jury trial did apply to forfeiture proceedings. The case at bar differs from *Studebaker* because in that case there was no underlying conviction upon which the forfeiture was based, nor did the forfeiture statute at that time require conviction on the underlying charge as a prerequisite to forfeiture. 120 Or at 255, 257. As the court noted:

"If, under the provisions of this act, the property which was made the subject of forfeiture had consisted of intoxicating liquor, gambling devices, or anything which in its nature is injurious to the public welfare, or if the act had required, as a condition of the forfeiture, the conviction of the offending person, the question would be different, but where as here, the lawful property of an innocent person may be forfeited to the state without the previous conviction of anyone, and without the opportunity of a jury trial at any stage of the proceedings, we think the act in so far as it provides that the forfeiture shall be tried by the court without the intervention of a jury is unconstitutional and void, because denying a trial by jury as guaranteed by the state Constitution. A majority of the court are of the opinion that in so far as the statute directs that a forfeiture may be had without a trial by jury, the direction is merely surplusage, and beyond the power of the legislature to enact, but that the remainder of the act should stand. * * *"

120 Or at 271.

In apparent response to the *Studebaker* decision, the legislature amended the forfeiture statute to require a conviction of the person arrested prior to forfeiture. Or Laws 1933 (Second Special Session), ch 17, § 39. The requirement of prior conviction is retained in the present statute. ORS 471.665. We are, therefore, now confronted with the "different question" alluded to by the court in *Studebaker*, and are asked to decide whether the addition of a prior conviction requirement in forfeiture proceedings is sufficient to remove such proceedings from the purview of Or Const, Art I, § 17. We hold that it is not.

The absence of a prior conviction requirement was not the sole basis for the decision in *Studebaker*. As Justice Rand stated in his exhaustive historical analysis of forfeiture proceedings in *Studebaker*,

"There can be no doubt that at the time of the adoption of our state Constitution, in cases where the seizure was made on land, property such as a 'boat, vehicle or other conveyance,' could not be forfeited by way of penalty or punishment for the violation of law, except in actions triable by jury. 'Where a proceeding is authorized which may result in a judgment that operates upon the property of the individual, either by way of forfeiture, or by means

of execution, the uniform rule of law has always been, that before judgment can pass, the individual is entitled to a jury trial, unless he waives the same.' [Citations omitted.]"

120 or at 260; *accord, Civil and Criminal Penalties and Forfeitures: A Framework for Constitutional Analysis,* 60 Minn L R (Part I) 379, 494 (1976). And later in the *Studebaker* opinion:

"Courts of law administer justice according to the rules of the common law, and are held for the trial of civil causes with the presence and aid of a jury, and where there are issues of fact to be determined, the trial ordinarily must be by jury."

120 Or at 262. Under the *Studebaker* analysis, even with a conviction requirement added to the statute, we are required to determine whether there are issues of fact unique to the forfeiture proceeding which would bring Or Const, Art I, § 17, into play. Were this a case in which the issues of fact necessary to a forfeiture proceeding were the same as those necessary for the underlying conviction, defendant's argument might be less compelling, but such is not the case.

The jury, by finding defendant guilty, found that he was in possession of cocaine. The policeman's testimony was that he stopped the vehicle because it had no front license plate and because he was suspicious as to what the vehicle was doing in a totally residential area at 1:30 a.m. On approaching the vehicle he noticed a set of two hemostats, which may be used as drug paraphernalia, hanging from the dashboard. Conversation outside the vehicle resulting from this observation led to defendant producing cocaine from his pocket and wallet and relating to the officer that there was additional cocaine in the vehicle.

The factual issues which must be decided in the state's favor to warrant forfeiture of a vehicle are that (1) the vehicle was employed in the unlawful transportation or concealment of controlled substances and that (2) such use was by or with the knowledge of the owner of the vehicle. ORS 167.247(2).[10] Defendant here was convicted of possession of controlled substances. The evidence against him at

---

[10] *See also,* ORS 167.247(4):

"(4) No conveyance is subject to forfeiture under this section by reason of any act or omission committed or omitted without the knowledge or consent of the owner."

trial included testimony of the arresting officer that cocaine was found on his person as well as in the van. It is impossible to determine from the verdict of the jury whether the conviction for possession was based upon a factual determination that defendant had cocaine on his person or in the vehicle or both. The issue of ownership and use of the vehicle were not germane to the underlying conviction and remain factual issues as yet unresolved by any jury.

■ Under Or Const, Art I, § 17, a jury trial is required in a forfeiture proceeding where issues of fact germane to the forfeiture were not resolved in the underlying criminal action.

Affirmed.