**Gary ROBERTS, Plaintiff and Appellant,**

v.

**Joe ERICKSON, Defendant and Appellee.**

No. 920227.

Supreme Court of Utah.

April 21, 1993.

Bruce M. Plenk, Salt Lake City, for plaintiff and appellant.

David M. Bown, Salt Lake City, for defendant and appellee.

Colin R. Winchester, Salt Lake City, for Administrative Office of the Courts.

### ORDER

PER CURIAM:

After filing his appeal in forma pauperis, plaintiff Gary Roberts brought a motion before this court asking that the state pay for the expense of preparing the transcript of the trial in this matter. Roberts stated that he was indigent, had filed this appeal under an affidavit of impecuniosity, and

required the transcript to present his appeal adequately. Roberts previously had filed a motion in the trial court asking the state to pay the expense. The trial court had ruled that the state's obligation to pay for transcripts was restricted to criminal appeals and did not extend to civil appeals.

We deny Roberts' motion and do not reach his constitutional arguments, although we allow the appeal to proceed as explained below.

■ Utah courts grant free trial transcripts to indigent appellants in criminal cases, Utah Code Ann. § 77–32–5 (1988), but no such provision is made for indigent appellants in civil cases, and our courts have not judicially extended the state's obligation to pay for transcripts in civil appeals. In *State v. Davis*, 769 P.2d 840 (Utah Ct.App.1989), the court of appeals stated in dictum that an essentially civil action did not require the "full panoply of criminal procedural safeguards" (citations omitted) and an indigent was therefore not entitled to the preparation of a transcript at state expense. *Id.* at 844.

■ Roberts nonetheless argues that this court has interpreted the impecunious litigants provisions to require the state to absorb costs such as appeal bonds and filing fees for indigent litigants in civil proceedings. He refers this court to *Zamora v. Draper*, 635 P.2d 78 (Utah 1981), and to the statutes the *Zamora* court construed to allow an impecunious plaintiff to proceed with his appeal without furnishing the required bond. Roberts says that the provisions of Utah Code Ann. §§ 21–7–3 and 21–7–4 allow an indigent appellant the same rights as if he "had fully paid all the regular fees." Utah Code Ann. § 21–7–4 (1991).

■ To determine the breadth of the definition of "fees," we look to the statute itself, read in harmony with other statutes under the same and related chapters. *Bonham v. Morgan*, 788 P.2d 497, 500 (Utah

1989). We turn to section 21–1–5, which provides that regular fees on appeal are those "for filing a notice of appeal, petition for appeal of an interlocutory order, or petition for writ of certiorari." Utah Code Ann. § 21–1–5 (1992).[1] We do not think that language is broad enough to cover *costs*[2] of preparing transcripts.

■ Roberts also argues that rule 11(e)(2) of the Utah Rules of Appellate Procedure requires him to provide a trial transcript to this court in order to maintain his appeal and that without it, this court will be unable to conduct a meaningful review of the trial court's judgment on directed verdict.

Litigation in this case terminated when the trial court entered a directed verdict against Roberts on all causes of action after Roberts had presented his case-in-chief. We therefore believe that this court can conduct a meaningful review of Roberts' case if he makes available a statement of the evidence introduced and the proceedings held in the trial court. Rule 11(g) of the Utah Rules of Appellate Procedure is the proper vehicle through which a record of the trial proceedings in this case can be built. The rule states:

(g) **Statement of evidence or proceedings when no report was made or when transcript is unavailable.** If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including recollection. The statement shall be served on the appellee, who may serve objections or propose amendments within 10 days after service. The statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and, as settled and approved, shall be included by the clerk of the trial court in the record on appeal.

1. Although Roberts filed his appeal before this statute became law, former Utah Code Ann. § 21–1–4 (1991) similarly enumerated the specific fees of the appellate courts.

2. Inasmuch as we allow plaintiff to proceed with his appeal by a different method, we do

not reach the issue whether the cost of preparing a transcript is included in "necessary fees and costs" as provided in Utah Code Ann. § 21–7–4, cited by plaintiff. We leave that issue for another day.

We concede that the rule was specifically fashioned to address instances when no report was made or no transcript is available. In the interest of justice, and under the unique circumstances of this case, we conclude that the transcript in this case is not available to Roberts, who does not have the means to pay for the cost of preparation. We therefore suspend further action in this appeal until the parties have submitted a statement to the trial court in compliance with rule 11(g). Once settled and approved by the trial court, the statement shall be included by that court's clerk in the record on appeal and forwarded to this court for appellate review.

It is so ordered.