Argued and submitted December 16, 1992, affirmed April 14, reconsideration denied
September 1, petition for review pending 1993

Engedaw BERHANU,
Personal Representative of
the Estate of Mulugeta Seraw, Deceased,
*Respondent,*

*v.*

Tom METZGER,
individually and as
President of the White Aryan Resistance;
White Aryan Resistance,
an unincorporated association;
John Metzger,
*Appellants,*

*and*

Kenneth MIESKE
and Kyle Brewster,
*Defendants.*

(A89-11-07007; CA A67833)

850 P2d 373

Reed Lee, Chicago, Illinois, argued the cause for appellants. With him on the briefs were Michael Null and Michael Null & Associates, Chicago, Illinois, and Patricia Campbell, Salem, Oregon.

Elden Rosenthal, Portland, argued the cause for respondent. With him on the brief were Rosenthal & Greene, Portland, Morris Dees, J. Richard Cohen and Southern Poverty Law Center, Montgomery, Alabama, and Jeffrey Sinensky, New York, New York.

Before Warren, Presiding Judge, and Richardson, Chief Judge, and Edmonds, Judge.

WARREN, P. J.

## WARREN, P. J.

Defendants[1] appeal from a judgment entered on a jury verdict for plaintiff. We affirm.

This case arises from the 1988 murder of Mulugeta Seraw in Portland. Plaintiff, the personal representative of Seraw's estate, brought this action for wrongful death. Defendants represented themselves at the trial. The court submitted the case to the jury on three theories. The first two are theories of intentional wrongful death; the third is based on recklessness. The jury, in a special verdict, found for plaintiff on each theory. It made a single award of damages.

■ Plaintiff first argues that none of the claimed errors is preserved and that, therefore, we should not consider them. With the exception of a motion to dismiss, he is correct. Assignments 1, 5 and 8 challenge the questions submitted to the jury on the special verdict form. Defendants did not object to the submission of the verdict form, and we will not consider any claimed errors as to it. *U.S. National Bank of Oregon v. Zellner*, 101 Or App 98, 104, 789 P2d 670, *rev den* 310 Or 122 (1990).

■ Assignments 2, 4, 6 and 7 challenge jury instructions to which defendants did not object or take exception, and we will not review them. ORCP 59H. In assignment 9, defendants assert that the trial court should have given a certain instruction on civil conspiracy. They did not request the instruction that they now assert the court should have given. We will not consider the assignment. *See Roberts v. Mitchell Bros.*, 289 Or 119, 129, 611 P2d 297 (1980).

Defendants' third assignment challenges the denial of their motions to dismiss and motion for judgment notwithstanding the verdict. The motion to dismiss on constitutional grounds is discussed below. Defendants also moved "to dismiss" at the end of plaintiff's evidence. That motion was directed to the sufficiency of the evidence, and we treat it as a motion for directed verdict. ORCP 60. There was evidence to

---

[1] There were five defendants at trial: California defendants Tom Metzger, John Metzger and the White Aryan Resistance (WAR) (defendants) are parties to this appeal. Oregon defendants Mieske and Brewster have filed a separate appeal, which we have affirmed without opinion this date.

support plaintiff's theories of the case. The trial court did not err in denying the motion.

■ Defendants also claim that the trial court erred in denying their motion for judgment notwithstanding the verdict. Denial of that motion is not reviewable. *Burke v. American Network, Inc.*, 95 Or App 274, 277, 768 P2d 924 (1989).

The bulk of defendants' arguments relate to the trial court's denial of their motions to dismiss on constitutional grounds. Those arguments were not preserved. At the pleading stage, defendants moved to dismiss for failure to state a claim. One of their arguments was that the claims for reckless and negligent[2] selection of an agent were prohibited by the First Amendment and the Oregon Constitution. They did not explain that argument further. The trial court denied the motion.

At trial, the American Civil Liberties Union (ACLU) and the Portland National Lawyer's Guild (NLG) each filed a memorandum and presented oral argument to the court addressing the free speech considerations raised by the pleadings. The ACLU raised constitutional concerns only about the claim for reckless selection of an agent. The NLG did not assert any constitutional concerns regarding any of the claims.

Defendant Tom Metzger made a constitutional argument about the agency theory of liability and asserted his view that *Brandenburg v. Ohio*, 395 US 444, 89 S Ct 1827, 23 L Ed 2d 430 (1969), prohibited liability for defendants' conduct. He moved to dismiss the case.

We conclude that defendants did not preserve any claim of constitutional error regarding the two theories of liability for intentional misconduct. Defendants' motion, which followed on the heels of the *amici's* arguments explicitly conceding the viability of the claims for intentional misconduct, was an adoption of the position stated by the ACLU. Defendants' argument did not contradict or expand on that position. The trial court specifically ruled only on the motion to dismiss Count II for reckless conduct, which was the issue

---

[2] The negligence claim was stricken on plaintiff's motion after the close of his evidence.

specifically raised by the ACLU. Defendants did not challenge the court's understanding of the motion by asking for a ruling on the claims for intentional misconduct. The trial court was not asked to rule on a motion to dismiss the claims for intentional misconduct. We do not consider those asserted errors to be errors apparent on the face of the record, and we will not address them. ORAP 5.45(2); *State v. Brown*, 310 Or 347, 800 P2d 259 (1990). The only constitutional issues that defendants preserved concern the claim for reckless misconduct.

We need not address those alleged errors. The jury specifically found for plaintiff on two theories of intentional misconduct, in addition to imposing liability for reckless conduct.[3] Even if we were to agree with defendants that the recklessness claim is barred by constitutional considerations, the trial court's judgment would nonetheless stand because of the verdict on the other two theories of liability.

■ Defendants' tenth assignment of error challenges the trial court's ruling that it would not allow testimony or evidence on cross-examination of David Mazzella that he was at a local night club distributing literature and recruiting for the Ku Klux Klan on October 12, after the first day of his testimony in this trial. They assert that "the evidence relating to this event not only tended to impeach some of Mazzella's earlier testimony which suggested, in part, his lack of bias, it also showed, directly and powerfully,

---

[3] The special verdict form shows the jury's findings:

*"QUESTION NO. 2*: Did one or more of the California defendants — through their agents — substantially assist in, or encourage, the conduct of the Oregon defendants that caused the death of Mulugeta Seraw?

*"ANSWER*:      Yes _X_   No _____

"* * * * *

*"QUESTION NO. 3*: Were one or more of the California defendants involved in a conspiracy with the Oregon defendants that led to the death of Mulugeta Seraw?

*"ANSWER*:      Yes _X_   No _____

"* * * * *

*"QUESTION NO. 4*: Did one or more of the California defendants cause the death of Mulugeta Seraw by recklessly selecting or retaining agents to organize East Side White Pride?

*"ANSWER*:      Yes _X_   No _____"

Mazzella's bias against [defendants] and his motives for lying about them on the witness stand."

Defendants' failure to make an offer of proof or to inform the court what evidence or testimony they sought to introduce leaves this court without the information needed to consider the assignment.[4] We do not know whether defendants had witnesses who could have testified in contradiction to Mazzella's apparent denial that he was at the night club that night. As the Supreme Court recently explained:

> "Adequate offers of proof are required to ensure that appellate courts are able to determine (1) whether it was error to exclude the evidence, and (2) whether any error was likely to have affected the result of the case. *State v. Affeld, supra* [n 4], 307 Or at 128." *State v. Busby*, 315 Or 292, 298, 844 P2d 897 (1993).

Here, we cannot determine either, and therefore we cannot say that the court's ruling was in error.

Affirmed.

---

[4] Nothing in the portion of the transcript to which defendants refer indicates what witnesses, if any, defendants were prevented from calling, how they could have testified, or what other evidence was excluded because of the trial court's ruling. Tom Metzger told the court that "we will present witnesses" that Mazzella was at the club recruiting for the Klan on October 12. That is the most specific reference to any evidence or testimony that was excluded. Without more, we cannot determine whether the trial court's ruling that it would exclude evidence regarding Mazzella's activities was error, let alone prejudicial error. *See State v. Affeld*, 307 Or 125, 764 P2d 220 (1988).