Argued and submitted June 17, reversed and remanded December 7, 1994, petition
for review allowed March 28, 1995 (320 Or 749)
See later issue Oregon Reports

CLACKAMAS COUNTY,
a political subdivision of
the State of Oregon,
*Appellant,*

*v.*

102 MARIJUANA PLANTS;
Real Property Located at
12433 SE Alchar Drive, Milwaukie, Oregon;
1988 Honda Accord Automobile,
Oregon License Number NWP-623;
Tanfoglio 9-millimeter Handgun,
Serial Number G15025, in Carrying Case with Magazine;
Ruger 6-inch Blued 44-Magnum Handgun,
Serial Number 8590276, with Box of Ammunition;
Hi Standard 22-Caliber Revolver,
Serial Number M013361, in Leather Holster,
*Defendants In Rem,*

*and*

Douglas E. STEELE,
*Respondent.*

(92-8-420; CA A80206)

886 P2d 1030

R. Daniel Lindahl argued the cause for appellant. With him on the briefs was Bullivant, Houser, Bailey, Pendergrass & Hoffman.

William David Falls argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

This case involves the legality of the seizure for forfeiture of assets belonging to claimant pursuant to Oregon Laws 1989, chapter 791.[1] Clackamas County (county) appeals from a judgment in claimant's favor. We reverse.

Property belonging to claimant was seized when police officers discovered a large and sophisticated marijuana growing operation at claimant's residence, and claimant admitted using his automobile to transport materials used in the operation. After claimant was convicted of manufacturing marijuana, a violation of ORS 475.992(1)(a), county sought the forfeiture of 102 marijuana plants, claimant's automobile, his residence and three handguns that had been found in the residence. Claimant filed a claim asserting the defense of "personal use" and seeking the return of his property, with the exception of the marijuana plants.

The trial court held that county had established that it had probable cause to seize the property,[2] and that claimant had failed to prove the personal use defense.[3] However, the trial court went on to hold that "[Oregon Laws 1989, chapter 791] necessarily requires proof that claimant obtained a financial benefit from the activity, here the growing of marijuana." The court found no such evidence in this case. The court was also troubled by the fact that the property seized was not derived from profits of claimant's prohibited conduct. The court held that "defendant properties are not subject to

---

[1] Oregon Laws 1989, chapter 791 (*since amended by* Or Laws 1991, ch 699), has not been codified in the Oregon Revised Statutes. It appears as a note preceding ORS 166.005 and was set to be repealed on December 31, 1993. That date was extended by the legislature in 1993 to December 31, 1997.

[2] Oregon Laws 1989, chapter 791, section 4, provides that

"(2) Property may be seized by any police officer without a court order if:

"* * * * *

"(b) There is probable cause to believe that property is subject to forfeiture, provided that the property may constitutionally be seized without a warrant * * *."

Once the forfeiting agency establishes probable cause, the burden of persuasion falls on the claimant to prove that the property should not be forfeited. Or Laws 1989, ch 791, § 13.

[3] Oregon Laws 1989, chapter 791, section 8 (2), provides that in an action seeking the forfeiture of *real* property, a claimant may plead as an affirmative defense that the controlled substance was "solely for personal use."

forfeiture because they were acquired by claimant through his lawful activities." Consequently, the trial court entered a judgment in claimant's favor, returning to him all the property except the marijuana plants.

County argues that the trial court erred by inserting two requirements into the civil forfeiture law: (1) that a claimant must enjoy commercial gain from the prohibited activity, and (2) that forfeited properties must be derived from prohibited conduct rather than lawful activities. Because the court held that county had established that there was probable cause to believe the defendant properties were subject to forfeiture and that claimant had failed to prove his affirmative defense, county argues that it should have prevailed.

On appeal, claimant abandons his personal use defense and argues that the forfeiture laws were designed to remove profitability from prohibited conduct. Claimant contends that achieving that goal in this case would "necessarily requir[e] proof that claimant obtained a financial benefit from the prohibited activity." In addition, claimant argues that forfeiture of claimant's property would result in excessive punishment in violation of the Eighth Amendment to the Federal Constitution, and Article I, section 16, of the Oregon Constitution. Claimant also argues that, because he had already been punished under the criminal law, the forfeiture would have constituted a second sanction in violation of the Fifth Amendment of the United States Constitution and Article I, section 12, of the Oregon Constitution.

Oregon Laws 1989, chapter 791, authorizes the forfeiture of real and personal property "which is used, or intended to be used, in any manner or part, to commit or facilitate in any manner the commission of prohibited conduct." Or Laws 1989, ch 791, § 3(7). "Prohibited conduct" is conduct proscribed by ORS chapter 475, the Uniform Controlled Substances Act, with the exception of certain crimes constituting violations. Or Laws 1989, ch 791, § 2(11). Oregon Laws 1989, chapter 791, section 3, provides, in part, that property subject to seizure includes:

"(4) All conveyances, including aircraft, vehicles or vessels, which are used, or are intended for use, to transport or in any manner facilitate the transportation, sale, receipt,

possession or concealment of property described in subsection (1) or (2) of this section[, controlled substances or raw materials used to manufacture or deliver controlled substances], and all conveyances * * * which are used or intended for use in any prohibited conduct or to facilitate prohibited conduct in any manner * * *.

"* * * * *

"(7) All real property, including any right, title and interest in the whole of any lot or tract of land used, or intended to be used, in any manner or part, to commit or facilitate in any manner the commission of prohibited conduct; and

"(8) All weapons possessed, used or available for use in any manner to facilitate conduct giving rise to forfeiture."[4]

Claimant does not dispute that the seized property was in fact used to facilitate his prohibited conduct. County argues that

"*[n]othing* in [Oregon Laws 1989, chapter 791] provides that property actually used in prohibited conduct is subject to forfeiture only if, in addition, it is proved that the claimant obtained a financial benefit from the prohibited conduct, or that that property was acquired through the prohibited conduct." (Emphasis in original.)

Instead, county argues, "the use of the property in the prohibited conduct provides a sufficient nexus for forfeiture." We agree.

■ The text of the statutory provision is the best evidence of the legislature's intent. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993); *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991). We start with the text of the statute, to ascertain what is contained therein, not to insert what has been omitted, or to omit what has been inserted. ORS 174.010; *Sanders v. Oregon Pacific States Ins. Co.*, 314 Or 521, 527, 840 P2d 87 (1992).

---

[4] Evidence that weapons and cash were "found in close proximity to controlled substances or to instrumentalities of prohibited conduct" gives rise to an inference that those items are subject to forfeiture and satisfies the forfeiting agency's initial burden of proof. Or Laws 1989, ch 791, § 4(8).

■ There is nothing in the text of Oregon Laws 1989, chapter 791, to suggest either that a claimant must obtain a financial benefit from the prohibited conduct, or that property seized must be the product of ill-gotten gains. Such a construction runs counter to the plain language and scope of the law. For example, possession of a controlled substance is prohibited conduct under the forfeiture laws. However, possession of a controlled substance is unlikely to result in financial gain to an individual unless that individual also markets or otherwise dispenses the substance. The forfeiture law does not limit the definition of "prohibited conduct" to sales or conduct that provides financial gain. Rather, the definition encompasses crimes that provide no commercial benefit to their perpetrators. The court erred in requiring that claimant derive a financial benefit.

■ Additionally, the court's holding that the seized property must be the product of unlawful, rather than lawful, activities is flawed. The definitions of real property, vehicles and weapons subject to seizure contain no explicit requirement that the property be derived from prohibited conduct. Apart from that fact, the law contains an entirely separate provision that allows for the seizure of *proceeds* of prohibited activity. Oregon Laws 1989, chapter 791, section 3(6), provides that "[a]ll moneys * * * or other things of value furnished or intended to be furnished by any person in the course of prohibited conduct, [and] *all proceeds of or from prohibited conduct*" are subject to forfeiture. (Emphasis supplied.) "Proceeds of prohibited conduct" are defined as "property derived directly or indirectly from, maintained by or realized through an act or omission, and includes any benefit, interest or property of any kind * * *." Or Laws 1989, ch 791, § 2(10). If the legislature had intended to restrict the property subject to seizure to property derived from prohibited conduct, it could have done so. The fact that the legislature clearly defined "proceeds" as property derived from prohibited conduct, and yet chose to make "proceeds" only one of a number of types of property subject to seizure, indicates that the omission of a derivation requirement in the definitions of other properties subject to forfeiture was deliberate. *See Emerald PUD v. PP&L*, 302 Or 256, 269, 729 P2d 552 (1986); *State v. Thomas*, 104 Or App 126, 129, 799 P2d 208 (1990).

■　　　We come to claimant's arguments that the forfeiture of his property would violate the federal and state constitutions. Claimant made neither of those arguments at any point in the proceedings below. Therefore, they are not preserved and we will not address them.[5] *See State v. Hitz,* 307 Or 183, 188, 766 P2d 373 (1988); *Berhanu v. Metzger,* 119 Or App 175, 179, 850 P2d 373, *rev den* 318 Or 60 (1993), *cert den* ___ US ___, 114 S Ct 2100 (1994). Because county established probable cause to find that the property was subject to forfeiture, and because claimant failed to establish the affirmative defense of personal use, the property is subject to forfeiture.

　　　Reversed and remanded for entry of an order of forfeiture.

---

[5] Because defendant's arguments are not preserved, we do not address the applicability of the Ninth Circuit's recent holding in *U.S. v. $405,089.23 U.S. Currency,* 33 F3d 1210 (9th Cir 1994), that civil forfeiture proceedings may, in some instances, be barred by the Double Jeopardy Clause of the federal constitution.