Argued and submitted May 2, 1995, decision of the Court of Appeals affirmed in part and modified in part; judgment of the circuit court reversed, and case remanded to the circuit court for further proceedings July 25, 1996

## CLACKAMAS COUNTY,
a political subdivision of the State of Oregon,
*Respondent on Review,*

*v.*

## 102 MARIJUANA PLANTS;
Real Property Located at
12433 SE Alchar Drive, Milwaukie, Oregon;
1988 Honda Accord Automobile,
Oregon License Number NWP-623;
Tanfoglio 9 Millimeter Handgun,
Serial Number G15025, In Carrying Case with Magazine;
Ruger 6-inch Blued 44-Magnum Handgun,
Serial Number 8590276, with Box of Ammunition;
Hi Standard 22-Caliber Revolver,
Serial Number M013361, in Leather Holster,
*Defendants In Rem,*

*and*

Douglas E. STEELE,
*Petitioner on Review,*

(CC 91-8-420; CA A80206; SC S42033)

920 P2d 149

Jenny Cooke, Portland, argued the cause for petitioner on review. Wm. David Falls, Oregon City, filed the petition.

R. Daniel Lindahl, of Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland, argued the cause and filed the brief for respondent on review.

Robert M. Atkinson, Assistant Attorney General, Salem, filed a brief on behalf of *amicus curiae* State of Oregon. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Shaun S. McCrea, of McCrea, P.C., Eugene, filed a brief on behalf of *amicus curiae* Oregon Criminal Defense Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Graber, and Durham, Justices.**

FADELEY, J.

** Unis, J., retired June 30, 1996, and did not participate in this decision.

## FADELEY, J.

In this forfeiture case, the trial court interpreted Oregon Laws 1989, chapter 791, to require that certain factual conditions be established before that statute permits forfeiture of real and personal property that is not contraband *per se*. The issues presented are whether those statutes, properly interpreted, require either (1) proof of financial benefit from the prohibited activity or (2) proof that properties to be forfeited were derived from proceeds of the illegal activity. The trial court denied forfeiture, because the plaintiff's proof did not satisfy those conditions that the trial court read the 1989 forfeiture act to require.

Claimant Steele[1] consented to entry of his residence by police officers. He showed them, on request, growing marijuana plants which the officers seized. The entry and seizure were not contested, were uneventful, and consumed about one person-day.

Three weeks later, the county, as plaintiff, brought this forfeiture action pursuant to Oregon Laws 1989, chapter 791,[2] against claimant's residence, his automobile, three handguns, and the marijuana plants. Thereafter, claimant was indicted for crimes arising from growing the marijuana. No allegations of sale or distribution were included. On claimant's motion, the trial court ordered a stay of the

---

[1] Plaintiff county entitled this action "*in rem*," but the statute then in effect permits an owner of real or personal property to file a pleading as a "claimant" defending against the forfeiture.

In *State v. Curran*, 291 Or 119, 128-29, 628 P2d 1198 (1981), this court agreed with several cases of the United States Supreme Court to the effect that a forfeiture proceeding is criminal in nature, although civil in format. This court held that the proceeding in *Curran* was an extension of the criminal case in which criminal conduct had been established and conviction already had been entered, but that the conviction did not establish all factual questions necessary to justify forfeiture of an automobile that was not *per se* contraband. *Id.* at 133. This court held, under a previous statute, that a jury trial

"is required in a forfeiture proceeding where issues of fact germane to the forfeiture were not resolved in the underlying criminal action." *Ibid.*

*Curran* involved the forfeiture of an automobile used to transport cocaine.

[2] The forfeiture statutes have not been codified in the Oregon Revised Statutes, but instead appear as a note within the criminal statutes at the beginning of ORS chapter 166, before ORS 166.005. Portions will be quoted later in this opinion at relevant points.

forfeiture action until the conclusion of the criminal case. Claimant was convicted on his plea of guilty of "manufacturing" marijuana, a felony. He was sentenced to incarceration and fined $1,500.

Thereafter, in the forfeiture action, claimant sought return of the real and personal property, but not the contraband marijuana plants. Claimant argued to the trial court that the county (plaintiff) cannot take his residence and automobile, because he did not derive them from criminal activity. In the alternative, he argued that the county could take only the lower floor of his two-story residence, because only that floor had been used to grow the illegal plants.

Plaintiff established its case solely by proving the conviction. No claim of any sale or other distribution was made or proved. The forfeiture trial court ruled that plaintiff had "established that there was probable cause and reasonable suspicion to believe that the defendant properties were subject to forfeiture." The trial court also ruled that claimant had failed to carry his burden of proving the statutory affirmative defense of "personal use."[3] However, the trial court denied forfeiture of the residence, automobile, and guns, because: (1) there was no proof "that Claimant obtained a financial benefit from the [criminal] activity, here the growing of marijuana," and, as the trial court found, (2)

> "The assets sought to be forfeited were acquired through the Claimant's lawful activities, his earnings and retirement benefits."

The trial court denied forfeiture based on those findings and on its interpretation of the statute to require that noncontraband assets must be derived from proceeds of illegal drug

---

[3] Oregon Laws 1989, chapter 791, section 13, provides:

"In all actions brought for forfeiture, the burden of persuasion shall lie upon the claimant, provided that probable cause to believe that the property is subject to forfeiture shall first be shown by the forfeiting agency."

Oregon Laws 1989, chapter 791, section 8(2), provides:

"In any action brought against property subject to forfeiture under subsection (7) of section 3 of this Act [Oregon Laws 1989, chapter 791, providing for civil forfeiture actions against real property], a claimant may plead as an affirmative defense that the controlled substance was solely for personal use."

activity to be forfeitable. The trial court did not reach or rule on any other issues presented.

On plaintiff's appeal, the Court of Appeals reversed, holding that Oregon Laws 1989, chapter 791, does not require that "a claimant must obtain a financial benefit from the prohibited conduct, or that property seized must be the product of ill-gotten gains." *Clackamas County v. 102 Marijuana Plants*, 131 Or App 524, 529, 886 P2d 1030 (1994).[4] The Court of Appeals refused to consider claimant's alternative arguments on the ground that claimant failed to preserve those issues at trial. *Id.* at 530.

■     We allowed claimant's petition for review to consider whether Oregon Laws 1989, chapter 791, requires proof of financial benefit from the prohibited activity or proof that acquisitions of the properties to be forfeited were derived from the unlawful activity. We agree with the Court of Appeals that it required neither but do not agree with that court's instructions on remand.

Under Oregon Laws 1989, chapter 791, real and personal property "which is *used*, or intended to be used, in any manner or part, *to* commit or *facilitate* in any manner the commission of *prohibited conduct*" is subject to "civil forfeiture." Or Laws 1989, ch 791, § 3(4), (7) and (8).[5] (Emphasis added.)

"Prohibited conduct" is defined as conduct, by acts or omissions, made criminal by ORS chapter 475 (the Uniform Controlled Substances Act), with the exception of those offenses that are designated as violations, rather than as crimes. Or Laws 1989, ch 791, § 2(11). "Proceeds" of that conduct also is a defined term. Section 2(10) provides:

---

[4] Because the trial court rendered its decision before adoption of statutory amendments in 1993, the trial court did not refer to or base its decision on the amendments made by Oregon Laws 1993, chapter 699, section 15. Those amendments to the forfeiture law require a trial judge to determine whether a forfeiture is excessive and permit the judge to mitigate the extent of forfeiture by considering whether the property was "derived" from unlawful proceeds.

[5] The 1989 Act is treated comprehensively in Walter J. Van Eck, *The New Oregon Civil Forfeiture Law*, 26 Willamette L Rev 449 (1990).

"'Proceeds of prohibited conduct' means property derived directly or indirectly from, maintained by or realized through an act or omission, and includes any benefit, interest or property of any kind without reduction for expenses of acquiring or maintaining it or incurred for any other reason."

Although the trial court did not say so directly, that court's orders in this case imply that it added concepts and definitions from the legislature's statement of *reasons* for enacting the 1989 forfeiture law to the separate sections describing the scope of the property that may be forfeited under that law.[6] Those added concepts would limit the scope of property related to a drug crime that may be forfeited. For example, section 1 of the 1989 Act, chapter 791, states in part that the legislature *finds* that:

"(a)   The prohibited conduct [giving rise to the forfeiture claim] is undertaken in the course of profitable activities which * * * are facilitated by * * * [the] property subject to forfeiture under this Act;

"(b)   Transactions involving property subject to forfeiture under this Act escape taxation;

"(c)   Governments * * * respond[ing] to prohibited conduct require additional resources * * *."

None of those reasons for adopting the legislation at issue—not "profitable activities," nor income that "escapes taxation," nor the amount of government resources consumed in combating the conduct giving rise to the forfeiture claim—is referred to in the operative section of the 1989 Act, which describes in inclusive terms the property that may be forfeited. Nor does the statute imply that a forfeiture trial court is to make findings related to those reasons, or that forfeiture is conditioned on such matters.

---

[6] The trial court's written conclusions of law, on which the judgment denying forfeiture was based, include:

"(4) The underlying purpose of the forfeiture statute is to take the profits out of the prohibited conduct. This necessarily requires proof that Claimant obtained a financial benefit[.] In this case the evidence is to the contrary.

"(5) The defendant's properties are not subject to forfeiture because they were acquired by Claimant through his lawful activities."

Under Oregon Laws 1989, chapter 791, section 3, the following property is stated, without conditional language or cross-reference, to be subject to forfeiture:

"(4) All conveyances, including * * * vehicles * * *, which are *used, or are intended for use,* to transport or in any manner facilitate the transportation, sale, receipt, possession or concealment of * * * [controlled substances or raw materials used to manufacture or deliver controlled substances], and *all conveyances,* * * * which are used or intended for use in prohibited conduct or *to facilitate prohibited conduct* in any manner * * *;

"* * * * *

"(7) *All* real property, including *any* right, title and *interest in the whole* of any lot or tract of land, * * * which is *used, or intended to be used, in any* manner or *part, to* commit or *facilitate* in any manner the commission of *prohibited conduct*; and

"(8) All weapons possessed, *used or available for use* in any manner to facilitate conduct giving rise to forfeiture." (Emphasis added.)

Subsections (4), (7), and (8) do not refer to whether the assets that are subject to forfeiture under those subsections are limited to those derived from "profitable activities," nor are they limited to those assets that the government needs in order to fund its response to drug dealers.[7] Nor do the statutory descriptions of forfeitable personal and real property require that the property be derived from "proceeds of prohibited conduct."

The operative forfeiture subsections—(4), (7), and (8), of section 3, in this case—do contain the "prohibited conduct" phrase referenced in section 1 and defined in section 2, on which the trial court may have relied. But the two tests for forfeitability suggested by claimant are not found in the wording of the operative section of the 1989 statute. Whether the property was acquired by the proceeds of drug crime or

---

[7] A separate subsection deals with "proceeds" of prohibited conduct that are in monetary form:

"(6) All moneys * * * furnished by any person in the course of prohibited conduct, *all proceeds of or from* prohibited conduct * * *[.]"

whether forfeiture of that property is necessary to take the profit out of such crimes are not factors mentioned in section 3.

■      In interpreting a statute, the court's task is to discern the intent of the legislature. At the first level of analysis, text and context provide the best evidence of the legislature's intention. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). The context of the statute includes other provisions of the same statute and other related statutes. *Ibid.*

The text and context of Oregon Laws 1989, chapter 791, section 3, indicate that a forfeiting agency may seek forfeiture under that Act, not only of profits derived directly or indirectly from prohibited conduct, but also of properties that are *used* in prohibited conduct or that "facilitate" that conduct. The exhortations in section 1, stated as findings, are reasons to vote for the bill, but they are not stated to be limits on the much broader wording of the operative section defining property subject to forfeiture, section 3.[8] Its operative section enacts forfeiture authority that is much broader and extends beyond those forfeitures that could be justified by those reasons. Or Laws 1989, ch 791, § 3.

The Court of Appeals correctly concluded that the legislative findings in Oregon Laws 1989, chapter 791, section 1, do not limit the definition of "prohibited conduct" to sales or other conduct that provides financial gain, nor require that the seized property be derived from the criminal conduct nor that it be acquired with unlawful gains or proceeds of that conduct. We agree with the Court of Appeals

---

[8] Oregon Laws 1989, chapter 791, as adopted, provided that it be repealed December 31, 1993. Later legislative sessions have amended its substantive provisions significantly. In 1993, the legislature amended the forfeiture statute. The 1993 amendments change the nature of the inquiry in that they do not require forfeiture. Instead, the trial judge has substantial discretion, based on whether property proposed by the government to be forfeited was "derived directly or indirectly from past prohibited conduct." Or Laws 1993, ch 699, § 15(1). If the "property" is not derived directly or indirectly from past prohibited conduct, the court shall consider certain factors, including whether "the defendant property is the claimant's residence" to determine whether to forfeit the property. Or Laws 1993, ch 699, § 15(2). In so doing, the legislature left in place both section (1) and section (3) of the 1989 Act, but added an entirely new section granting the court discretion when the property is "not derived" from the criminal conduct.

that the trial court erred in interpreting the 1989 Act by employing the legislative findings in section (1) that gave reasons why the law should be adopted as if there were limitations on the provisions of section (3) that describe property subject to forfeiture.

Our resolution of the only issue presented by the case is consonant with the essential reasoning of the Court of Appeals. However, that court's disposition of the case— "[r]eversed and remanded for entry of an order of forfeiture"—exceeded the rationale of its opinion. There remain a number of issues that the trial judge must address before it would be appropriate to enter an order of forfeiture. We therefore modify, rather than affirm, the Court of Appeals' decision and remand the case to the trial court.

The decision of the Court of Appeals is affirmed in part and modified as to the instructions of the Court of Appeals on remand. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.