**UNITED STATES of America,
Plaintiff,**

v.

**Elmo JONES, Defendant.**

**Crim. No. 7158.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 21, 1970.

---

John L. Bowers, Jr., U. S. Atty., Edward E. Wilson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

J. Randall Shelton (appointed), Morristown, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The Court received evidence on October 8, 1970 necessary to a decision of the defendant's motion for a suppression for its use as evidence of contraband in the form of a counterfeit $20 bill, on the ground that it was seized illegally without a warrant. Rule 41(e) (1), Federal Rules of Criminal Procedure. There is no dispute about the essential facts. It is stipulated that Mr. Jones was lawfully arrested, that the billfold of Mr. Jones was searched without the authority of a search warrant, that a counterfeit $20 bill was found as a result of such search, and that such bill was seized by the acting admitting officer.

Mr. Jones had earlier been arrested, convicted and fined on a misdemeanor charge. He failed to pay the fine and costs assessed, and a capias was issued for law enforcement officers to retake Mr. Jones into custody. Mr. Eugene Jobe, a deputy sheriff of Hawkins County, Tennessee went to Mr. Jones' place of residence to execute this writ on the evening of February 4, 1970; but, it was agreed mutually by Messrs. Jobe and Jones that the latter would present himself to be retaken into custody at the courthouse in Rogersville at ten o'clock, a. m., the following morning.

Mr. Jones appeared in accordance with this agreement, and Mr. Jobe advised him that the committing judge was unavailable momentarily. Mr. Jobe then delivered Mr. Jones to Mr. George Ward, a constable who was then on duty as the admitting officer at the Hawkins County jail. Mr. Ward told Mr. Jones to place his personal belongings on a table in the receiving room of the jail. Mr. Jones laid upon such table at this direction his knife, nail-clip, ring, billfold, $69 in currency * and several coins. The currency was not in his billfold, but in his front pocket. It is not clear whether Mr. Ward made an inventory of these items of Mr. Jones' personal property before the latter was taken to a cell. In any event, Mr. Ward was in the process of making an inventory of Mr. Jones' belongings for deposit for safekeeping in a manila envelope. As was his practice in such matters, Mr. Ward looked in the side compartments of Mr. Jones' billfold to ascertain whether any bills of currency were contained in them. In this process, he discovered and seized the contraband bill of currency.

It was the duty of arresting officer Mr. Jobe to keep Mr. Jones safely until it was possible to deliver him before the judge of the Court of General Sessions of Hawkins County, Tennessee. 5 Am.Jur. 2d 761, Arrest, § 75. For the purposes of this consideration, Mr. Jones was under arrest, when Mr. Jones reported to Mr. Jobe, in accordance with their agreement of the preceding eve-

---

* Some decisions support the right of officers to seize money found on the person of the prisoner at the time of his arrest, as providing one means of effecting an escape. See Holker v. Hennessey, 141 Mo. 527, 42 S.W. 1090; Closson v. Morrison, 47 N.H. 482.

ning. As an incident to such lawful arrest, Mr. Jobe could have searched Mr. Jones' person without the authorization of a search warrant at any reasonable time following the arrest. Weeks v. United States (1914), 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Carroll v. United States (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Agnello v. United States (1925), 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145; Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. Mr. Jobe chose not to search Mr. Jones' person but, instead, delivered his custody to the acting jailer Mr. Ward.

■ Mr. Ward could have taken from Mr. Jones any dangerous weapons, or anything else that he reasonably deemed necessary to his (Mr. Ward's) safety or the public safety, or for the safekeeping of the prisoner, and could have taken into his possession any instruments of the crime with which Mr. Jones was charged and such other articles as might have been of use as evidence on the trial or which might have enabled Mr. Jones to escape. Hughes v. State (1921), 145 Tenn. 544, 566–567, 238 S.W. 588. Mr. Ward's right to take property from Mr. Jones was limited, however. Elliott, et ux. v. State (1938), 173 Tenn. 203, 210 [3], 116 S.W.2d 1009. In Tennessee, the authority of an admission officer in a jail to search without a warrant is found in common law, which " * * * is universally recognized to authorize a search * * * of a person and effects of the prisoner for the [limited] purpose of seizing such articles as (1) might be used to effect an escape, such as weapons or tools, keys and the like, or (2) as might tend to evidence his guilt *of the offense for which the arrest has been made.*" [Italics in the original text.]

*Ibid.,* 173 Tenn. at 208[1], 116 S.W.2d at 1011. The question narrows as to the authority of Mr. Ward to rummage through Mr. Jones' billfold after having caused it to be removed from his person and immediate control and to be placed in a position where its contents were no longer available to Mr. Jones. There was no justification for Mr. Ward's searching through Mr. Jones' billfold without a search warrant after the billfold was no longer " * * * 'within his immediate control'. * * * " Chimel v. California (1969), 395 U.S. 752, 763, 89 S.Ct. 2034, 2040, 23 L.Ed.2d 685, 694[4]. After it departed Mr. Jones' immediate control and went into the immediate control of Mr. Ward, Mr. Jones could not have extracted therefrom any dangerous weapon; anything that Mr. Ward reasonably deemed necessary to the latter's safety or the public safety; anything detrimental to Mr. Jones' safekeeping; or any instruments or evidence of the crime for which Mr. Jones was being held in custody as might have been of use as evidence on the trial of the offense for which the arrest was made, or might have enabled Mr. Jones to escape, such as weapons, tools, keys and the like.

■ Therefore, the motion of Mr. Jones hereby is granted, and use of the aforementioned counterfeit bill is suppressed for use as evidence herein. Being contraband, however, it will not be returned to the defendant. If the prosecuting authorities lack sufficient evidence of Mr. Jones' guilt without use of the suppressed evidence to support a guilty verdict, the United States attorney will submit a motion to dismiss the indictment herein and release the defendant Mr. Elmo Jones from custody.