**MR. LUCKY MESSENGER SERVICE, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America et al., Defendants-Appellees.**

No. 78–1409.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1978.

Decided Nov. 13, 1978.

Daniel C. Meenan, Jr., Chicago, Ill., for plaintiff-appellant.

William A. Barnett, Jr., Asst. U. S. Atty., Chicago, Ill., for defendants-appellees.

Before CUMMINGS, PELL and WOOD, Circuit Judges.

PELL, Circuit Judge.

This appeal requires us to define the limits of the Government's power to seize and withhold a person's property pursuant to a criminal investigation within a reasonable period of time without thereafter justifying the seizure either with an indictment or in some other appropriate manner. On April 22, 1977, FBI agents entered the premises of the plaintiff, Mr. Lucky Messenger Service, pursuant to a search warrant issued in aid of a grand jury investigation that had begun on March 4, 1977. The agents seized $65,000 in United States currency, among other things. Subsequent to this seizure, neither plaintiff nor any of its agents or employees has been charged with a criminal offense.

On November 17, 1977, the plaintiff filed suit in district court requesting the court on equitable grounds to order the currency returned. The plaintiff then filed a motion for preliminary injunctive relief to have a portion of the funds applied to the satisfaction of an admitted tax liability of $36,533.15 plus interest. On February 28, 1978, the district court denied the plaintiff's motion for preliminary relief and granted the defendants' motion to dismiss. This appeal followed.

 Our jurisdiction to hear this appeal is well established. The denial of a motion for return of property is a final appealable order "[o]nly if the motion is solely for return of property and is in no way tied to a criminal prosecution in *esse* against the movant . . . ." *DiBella v. United States,* 369 U.S. 121, 131–32, 82 S.Ct. 654, 660, 7 L.Ed.2d 614 (1962). The motion for return of property is not one tied to a criminal prosecution in esse against the movant until the criminal process shifts from the investigatory phase to the accusatory. *See Shea v. Gabriel,* 520 F.2d 879, 882 (1st Cir. 1975). In the present case, no charges have been filed and thus the criminal process, if still alive, is at best in the investigatory stage. Accordingly, the district court's order is a final appealable order.

 The more typical action for return of seized property arises under Rule 41(e), Fed.R.Crim.P., which permits the district court to order the return of property which was illegally seized. Courts, however, have additionally recognized an independent cause of action for return of property based on the general equitable jurisdiction of the

federal courts. *See Richey v. Smith,* 515 F.2d 1239, 1243 (5th Cir. 1975); *Hunsucker v. Phinney,* 497 F.2d 29, 32 (5th Cir. 1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). The district court's jurisdiction over such actions should be exercised cautiously and subject to general equitable principles. *Id.* at 34.

In *Hunsucker,* the court listed some factors that a district court should consider before exercising its equitable jurisdiction. One of these factors is whether "the action which Hunsucker seeks to attack involved a 'callous disregard for . . . constitutional rights.'" *Id.* The Government's primary argument in the present case is that the seizure was made pursuant to a valid search warrant and thus was not made in callous disregard of the plaintiff's constitutional rights; ergo, the district court properly declined to exercise equitable jurisdiction. This argument is unpersuasive for several reasons. First, in all the cases that applied this factor the plaintiff sought not only the return of the seized property, but also the suppression of that property as evidence in any forthcoming trial. It is this latter request that required the court to consider whether the property was seized in callous disregard of the plaintiff's constitutional rights. In the present case, the plaintiff does not request that the seized property be suppressed, and accordingly the circumstances of the seizure are irrelevant. Second, the proper application of this factor to this case would probably militate in favor of granting equitable relief. The action which the plaintiff seeks to attack is not the legality of the search, but rather the unreasonable length of time that the Government has held the seized property without charging the plaintiff with any criminal offense. The Government's withholding of the seized property in this manner may well involve a callous disregard for constitutional rights.

■ The critical inquiry then is whether the Government has an adequate justification for withholding the plaintiff's $65,000 for over seventeen months without bringing any charges against the plaintiff. The Government, of course, is not required to secure an indictment immediately after it seizes property pursuant to a grand jury investigation. But if no charges are filed for nearly one and one-half years after the property was seized, and the Government is unable to present evidence justifying such a delay, constitutional violations emerge which would seem on equitable principles to mandate that the property be returned. *Cf. Shea v. Gabriel,* 520 F.2d at 882.

■ We are unable to determine from the record before us whether the Government can reasonably justify its conduct. We, therefore, remand the case to the district court for a hearing at which the Government shall have an opportunity to present evidence to justify this conduct. Because the reasons for the seventeen month delay may be integrally related to the grand jury proceedings, the Government may encounter some conflicts at the evidentiary hearing in its efforts to preserve the secrecy of the grand jury. For this reason we direct the district court in its discretion to conduct the hearing *in camera* to the extent it appears to the court to be necessary.

■ As to the other factors a court should consider before granting the equitable relief sought, we are of the opinion that in the present case they would militate in favor of such relief, assuming the truth of the plaintiff's allegations. These factors are whether the plaintiff has an individual interest in and need for the material whose return it seeks; whether it would be irreparably injured by denial of the return of the property; and whether it has an adequate remedy at law for redress of its grievance. *See Richey v. Smith,* 515 F.2d at 1243–44. In the present case, the plaintiff's pleadings clearly allege an interest in and need for the $65,000. Cases in which the plaintiff was unable to satisfy this factor involved contraband to which the movant was not legally entitled, or property for which the movant had no noteworthy need, such as bet slips or wager tickets. *See, e. g., United States v. Jones,* 317 F.Supp. 856 (E.D. Tenn.1970); *Donlon v. United States,* 331 F.Supp. 979 (D.Del.1971).

Irreparable harm is also clearly alleged in the plaintiff's complaint. The complaint alleges that the plaintiff needs the funds to satisfy a tax liability. More importantly, however, the peculiar circumstances of this case, in our opinion, would satisfy the irreparable harm standard. Whenever the Government seizes a significant amount of money and withholds it for an unreasonable length of time without bringing charges and without offering evidence to justify its continued withholding and without any indication as to when if ever charges will be filed, the plaintiff suffers irreparable harm. Finally, the plaintiff is without an adequate remedy at law.

For the reasons herein set out we reverse and remand for further proceedings. It appears to us that the plaintiff on remand by proving the seizure, the lack of return, and the lapse of time involved will have established a sufficient equitable basis for relief to require the Government to go forward with an attempt to justify its conduct.

REVERSED AND REMANDED.