**Hector Rivera SIACA, d/b/a Guayaberas Don Hector, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 82–10–01414.**

United States Court of International Trade.

April 17, 1984.

John M. Garcia, Speonk, P.R., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, and Michael P. Maxwell, New York City, for defendant.

*Opinion on Motion for Rehearing*

RESTANI, Judge.

On January 26, 1984 this court dismissed this action for want of subject matter jurisdiction. *Hector Rivera Siaca, d/b/a Guayaberas Don Hector v. United States,* 7 CIT ——, Slip Op. 84–5 (January 26, 1984). Plaintiff seeks rehearing and reconsideration of the court's decision on the ground that the court misconstrued the nature of plaintiff's complaint.

The relevant facts are as follows. On October 5, 1979, Customs Service agents seized certain shirts belonging to plaintiff. The shirts were sold at auction and the proceeds applied towards the United States' claims against plaintiff under the customs laws. Plaintiff did not protest the subsequent reassessment of duties on account of alleged fraud pursuant to the statutory protest mechanism available. Instead, plaintiff filed a tort action relating to the seizure of the shirts. The tort action against the United States was dismissed for lack of jurisdiction by the United States District Court for the District of Puerto Rico. On May 24, 1982, plaintiff filed this action in the district court, but the action was transferred to the United States Court of International Trade on the basis that the action was a collateral attack on the assessment of duties.[1] In this action plaintiff asserts that the shirts were illegally seized, and he seeks their return or equivalent value. The Government contends the shirts were voluntarily turned over to it.

The one theory of recovery discussed in the motion for rehearing, a theory which plaintiff previously raised here and in the district court, is that which is well-explained in *Hunsucker v. Phinney,* 497 F.2d 29 (5th Cir.1974), *cert. denied,* 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975).

---

**1.** The parties are in agreement that the only matter which was transferred to this court is a suit against the United States. The original action included a claim against a Customs Service employee. Plaintiff appears to have abandoned in this suit any claim which still exists as to the Customs Service employee since plaintiff avers that he seeks recovery of his property, and not damages.

In that case plaintiff sued to recover documentary evidence which he alleged was illegally seized by government agents. The court explained that jurisdiction was not based on 28 U.S.C. § 1331 because a federal question was not involved, and the requisite jurisdictional amount for § 1332 jurisdiction was lacking. Rather, jurisdiction was based on the inherent power of the court to control its officers. The court stated that exercise of this "anomalous" jurisdiction was governed by equitable principles. Without deciding whether such jurisdiction exists in a case where only civil, rather than criminal, proceedings are threatened, the court dismissed the case because, *inter alia*, there was no showing of irreparable injury to plaintiff nor was there a showing of callous disregard for constitutional rights. The *Hunsucker* line of reasoning was followed in *Richey v. Smith*, 515 F.2d 1239 (5th Cir.1975), and in *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15 (7th Cir.1978).[2]

Even under the theory espoused by plaintiff, plaintiff must establish a lawful right to the property sought before return of the property will be ordered. *Shea v. Gabriel*, 520 F.2d 879, 882 (1st Cir.1975) and *United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297 (3rd Cir.1978). Plaintiff has failed to establish this right.

The record in this case and in *American Motorists Insurance Co. v. United States*, 5 CIT ——, Court No. 82–1–00053, Slip Op. 83–8 (1983) establishes that the proceeds from the auctioned goods were actually applied to duties owed by the plaintiff. In *American Motorists*, a related 28 U.S.C. § 1581(a) suit brought by plaintiff's surety, thirty-seven of plaintiff's entries of shirts were found to have been properly reliqui-

dated under 19 U.S.C. § 1521 (1982). It was established that plaintiff owed well over $100,000 in duties. This is more than three times the auction proceeds.

Although defendant claims the shirts were turned over to it voluntarily, if the shirts were involuntarily seized, it was a seizure relating to 19 U.S.C. § 1592, the statute governing penalties. Under 19 C.F.R. § 162.52 (1983) the proceeds of such seizures are applied first to duties and only if there is an excess, to penalties. There was no such excess. In fact, the very reason plaintiff's surety brought suit was because it was called on to pay the deficiency owing on the reliquidated duties.

Plaintiff did not join in the *American Motorists* action or bring his own § 1581(a) suit. In fact, he failed to protest the reliquidation. Therefore, plaintiff cannot now be heard to say that the duties were not owing. Even if the goods originally were seized improperly, the court will not exercise any equitable jurisdiction which it may have to order the return of the auction proceeds. The right of the government to retain those proceeds has now been established, and the time has long passed for the imposition of such a remedy, if indeed such a remedy was ever proper.[3] If the judgment against plaintiff's surety was incorrect in amount, the surety had remedies available to it. This court will not hear a collateral attack on that judgment.

Plaintiff's motion for rehearing is denied.

---

**2.** The concept of "anomalous" jurisdiction developed in the context of district court jurisdiction over criminal matters. Since this court does not have criminal jurisdiction, it appears unlikely that Congress intended this court to have "anomalous" jurisdiction. Rather, Congress granted this court broad residual jurisdiction under 28 U.S.C. § 1581(i) (1982). Plaintiff has failed to meet his burden of demonstrating how his cause of action comes within the jurisdictional grant of § 1581(i).

**3.** If plaintiff suffered damages because of improper seizure of goods for satisfaction of duties, his remedy would lie in tort. As stated in our earlier opinion, there is no waiver of sovereign immunity for such an action. *Cf. Kosak v. United States*, —— U.S. ——, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).