**STATE**

**v.**

**Michael SHORE.**

**No. 86-226-M.P.**

Supreme Court of Rhode Island.

March 26, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, John E. DeCubellis, Jr., Sp. Asst. Attys. Gen., for plaintiff.

John Tramonti, Jr., Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on a petition for certiorari. The defendant in a criminal case seeks to have his seized property restored. A chronology of the travel of the case follows.

On October 18, 1985, the state filed a District Court complaint against defendant, charging him with conspiracy to deliver cocaine. On October 22, acting pursuant to a search warrant, police searched defendant's residence, seizing fifty-six gold bars and various personal papers, including two personal diaries belonging to defendant's wife. On April 4, 1986, the District Court dismissed the complaint without prejudice because more than ninety days had elapsed

and no grand jury indictment had been returned against defendant.

Thereafter, defendant filed a motion for the return of the seized evidence. The District Court granted defendant's motion and ordered the evidence returned to him. The state then petitioned this court for a writ of certiorari and a stay of the District Court's order. A temporary stay was granted.

On May 21 a Providence County grand jury returned an indictment against defendant charging him with multiple counts of racketeering, delivery of controlled substances, conspiracy, theft, and income tax evasion.

On May 22 we granted certiorari.

■ The District Court, before which defendant was arraigned, has the jurisdiction to restore seized evidence to defendant. Jurisdiction is conferred by G.L.1956 (1981 Reenactment) § 12–5–7,[1] pertaining to property seized under a valid search warrant; by § 12–17–6,[2] pertaining to property detained as evidence for trial; as well as by the inherent supervisory power of the court. *See United States v. Premises Known as 608 Taylor Ave.*, 584 F.2d 1297, 1299–1300 n. 3 (3d Cir.1978). Before the District Court can exercise its jurisdiction on a pretrial motion to restore property, however, it must examine competent legal evidence. *State v. Coleman*, 58 R.I. 6, 16, 190 A. 791, 796 (1937).

■ Competent legal evidence must be presented at a hearing so that the District Court or a reviewing court may determine whether the government has any right to retain the seized property. In order for the government to maintain possession of an individual's personal property, it must show a connection between the property and any alleged criminal activity of the individual. *United States v. One Residence and Attached Garage, Etc.*, 603 F.2d 1231, 1234 (7th Cir.1979). As well, the government must show that the property is necessary to the success of an active criminal investigation, is going to be used as evidence in a pending criminal trial, or is subject to forfeiture.

■ In response to the government's request that the burden of proving ownership be placed on defendant, we note that the seizure of property from an individual is prima facie evidence of that individual's entitlement to the property. Unless the government presents serious reasons to doubt the individual's entitlement, and produces evidence to substantiate its claim, the individual need not come forward with additional evidence of ownership. *United States v. Wright*, 610 F.2d 930, 939 (D.C. Cir.1979).

■ Since we are unable, on the record before us, to determine whether the government can reasonably justify its conduct in retaining the defendant's property, we remand the case to the District Court for a hearing at which the state shall have an opportunity to present evidence to justify this conduct. *See Mr. Lucky Messenger Service, Inc., v. United States*, 587 F.2d 15, 17 (7th Cir.1978).

The order granting the defendant's motion to restore is thus vacated, and the case

---

**1.** General Laws 1956 (1981 Reenactment) § 12–5–7 reads:

"Disposition of seized property.—The property seized shall be safely kept by the officer seizing the same under the direction of the court so long as may be necessary for the purpose of being used as evidence in any case.

As soon as may be thereafter, if the same be subject to forfeiture, such further proceedings shall be had thereon for forfeiture as is prescribed by law in chapter 21 of title 12.

If the property seized was stolen or otherwise unlawfully taken from the owner, or is not found to have been unlawfully used or intended for unlawful use, or is found to have been unlawfully used without the knowledge of the owner, it shall be returned to the person legally entitled to its possession."

**2.** Section 12–17–6 reads:

"Control and disposition of property used as evidence.—All property, money or estate taken or detained as evidence in any criminal cause shall be subject to the order of the court before which the indictment, information, or complaint shall be brought or pending, and shall, at the termination thereof, be restored to the rightful owner."

is remanded to the District Court for an evidentiary hearing.