47 F.3d 1174
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael D. ROTZINGER, Defendant-Appellant.
 Nos. 94-2284, 94-2285.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 9, 1995.*
Decided Feb. 14, 1995.
 
 Before BAUER, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Michael D. Rotzinger, president of Rotzinger Enterprises, Inc., is a self-described tax protestor. Beginning in 1978, Rotzinger prepared numerous tax returns for members of the United Auto Workers' Union (UAW) in Rockford and Rock Island, Illinois. On behalf of his clients, Rotzinger repeatedly filed returns claiming an improper sick pay exclusion, and he persisted in this activity even after the Internal Revenue Service (IRS) informed him that the exclusion was inappropriate. In 1988, the district court issued an order, under 26 U.S.C. Sec. 7404, permanently enjoining Rotzinger from acting as an income tax preparer. Rotzinger, however, continued to prepare tax returns. In 1993, he pleaded guilty to a charge of criminal contempt, a violation of 18 U.S.C. Sec. 401(3), for disobeying the injunction. The district court imposed a sentence of twenty-one months of imprisonment and three years of supervised release, which we recently affirmed on direct appeal. See United States v. Rotzinger, No. 93-3062 (7th Cir. July 15, 1994) (unpublished order).
 
 
 2
 Prior to Rotzinger's conviction, the government seized a number of items belonging either to him or to Rotzinger Enterprises from Rotzinger's residence. Rotzinger filed a post-conviction motion demanding the return of this property. In addition, he filed a motion under 28 U.S.C. Sec. 2410 to quiet title to his property. In a minute order, the district court dismissed the motion to quiet title and granted the motion to return property in part and dismissed it in part. Rotzinger appeals the dismissal of these motions.[1]
 
 I. Motion to Return Property
 
 3
 Pursuant to a search warrant issued March 16, 1993, the government seized a large number of items belonging to Rotzinger and/or Rotzinger Enterprises as evidence. The items seized include computer equipment, software, tax forms, and other records. Although the criminal proceedings against Rotzinger in the district court ended in October 1993, the government retained possession of the seized property. In January 1994, Rotzinger filed a motion requesting the return of the property. The government agreed to return some of the items but argued that others were necessary to continue an ongoing investigation of Rotzinger's tax liability. In a minute order, the district court granted Rotzinger's motion with respect to the items the government agreed to return but denied it with respect to the other items. Rotzinger appeals the denial of his request to return the balance of the property.
 
 
 4
 First, Rotzinger argues that the property was unlawfully seized and demands its return. If the government makes an illegal seizure of property, the owner may bring an action to "reclaim that which is wrongfully withheld." Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 308, 87 S.Ct. 1642, 1650 (1967), quoting Land v. Dollar, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012 (1947). The record, however, contains no evidence from which we can tell whether the seizure was lawful. Nor is there evidence in the record that the legality of the search and seizure was determined at any point in the proceedings before the district court. Thus, we must remand for a determination of whether the search was lawful.[2]
 
 
 5
 Moreover, even if the property was lawfully seized, the government may not retain it for an "unreasonable length of time." Mr. Lucky Messenger Service, Inc. v. United States, 587 F.2d 15, 17 (7th Cir.1978); see also Interstate Cigar Co. v. United States, 928 F.2d 221 (7th Cir.1991). As the owner of the property,[3] Rotzinger may bring a post-trial motion for its return. Although similar to a motion under Fed.R.Crim.P. 41(e), this cause of action is based on the "general equitable jurisdiction of the federal courts." Mr. Lucky, 587 F.2d at 16-17. Once the property is no longer needed as evidence, "[a] criminal defendant is presumed to have the right to the return of his property." United States v. Mills, 991 F.2d 609, 612 (9th Cir.1993). In order to retain possession of the seized items, the government must have a continuing interest in the property and must "demonstrate a specific nexus between the seized property" and its interest. Interstate Cigar, 928 F.2d at 224. "This 'continuing interest' can include a criminal or tax investigation in progress." Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.1982), cert. denied, 464 U.S. 814, 104 S.Ct. 69 (1983). The government bears the burden of proving the "specific nexus" between its "continuing interest" and the seized property. Interstate Cigar, 958 F.2d at 224; see also Mills, 991 F.2d at 612; Virgin Islands v. Edwards, 903 F.2d 267, 274 (3d Cir.1990).
 
 
 6
 In the instant case, the government makes a blanket assertion that it needs the unreturned items for a tax investigation. There is no evidence in the record that the government has demonstrated a specific nexus between its investigation and any specific item retained. Thus, as in Mr. Lucky and Interstate Cigar, "[w]e are unable to determine from the record before us whether the Government can reasonably justify its conduct."[4] Mr. Lucky, 587 F.2d at 17; see also Interstate Cigar, 928 F.2d at 224 ("With the scant record before us, we are unable to determine if the Government can adequately defend its refusal to return" the property.). Thus, we remand this claim to the district court, where the government must show a continuing interest in those items it wishes to retain and a specific nexus between the items and its interest.[5]
 
 II. Motion to Quiet Title
 
 7
 In addition, Rotzinger appeals the district court's denial of his motion to quiet title. Rotzinger seeks to contest unspecified "erroneous," "fictitious," and "frivolous" tax assessments against him and Rotzinger Enterprises and dissolve any liens that "may be imposed upon" his property. Motion for Quieting Title, R. 32. Under 28 U.S.C. Sec. 2410, Rotzinger may maintain an action to quiet title against the United States[6] if he "set[s] forth with particularity the nature of the interest or lien of the United States." 28 U.S.C. Sec. 2410(b). To contest a tax lien, the complaint must also include "the identity of the internal revenue office which filed the notice [of the tax lien], and the date and place such notice of lien was filed." Id. Rotzinger, however, provides none of this information. Thus, his motion does not sufficiently state a claim under Sec. 2410. See Clark v. United States, 760 F.Supp. 664, 665 (W.D.Mich.1991); City Bank of Anchorage v. Eagleston, 110 F.Supp. 429, 430 (D.Alaska 1953). Finally, to the extent that Rotzinger seeks to enjoin the government from imposing future tax liens on his property, his action is barred by the anti-injunction act. See 26 U.S.C. Sec. 7421; Harrell, 13 F.3d at 235. Thus, we affirm the district court's dismissal of Rotzinger's motion to quiet title.[7]
 
 III. Conclusion
 
 8
 In conclusion, we AFFIRM the district court's dismissal of Rotzinger's motion to quiet title and REMAND his motion to return property to the district court for further proceedings consistent with this order.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 It is not entirely clear from Rotzinger's brief whether he wishes to contest the denial of his motion to quiet title on appeal. Because Rotzinger makes numerous references to the illegality of tax assessments, and considering that he is a pro se litigant, we will treat this issue as raised on appeal
 Rotzinger also filed a motion requesting statutory authority, which contests the sufficiency of his indictment and alleges other constitutional challenges to his conviction. The district court ordered the motion stricken as unrelated to any pending proceeding. Some of these same arguments are repeated in his appellate brief. If Rotzinger wished to mount a challenge to his conviction, however, he should have raised these questions, to the extent permissible, on direct appeal. See United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994) (defendant who pleads guilty waives all non-jurisdictional challenges to his conviction). Rotzinger's direct appeal was pending at the time he filed the motion requesting statutory authority.
 
 
 [2]
 If, at some point before Rotzinger entered his guilty plea, the district court determined that the search and seizure was legal, then Rotzinger may be precluded from re-arguing this point. However, it is not apparent from the record whether any such determination was ever made. In addition, Rotzinger's guilty plea does not constitute a waiver of his right to challenge the search in an unrelated proceeding, as the issue has not been actually or necessarily litigated. Cf. Haring v. Prosise, 462 U.S. 306, 318-19, 103 S.Ct. 2368, 2375-76 (1983) (guilty plea in state court did not constitute waiver of right to challenge search in subsequent Sec. 1983 action nor was plea an admission that search was legal); Powers v. Coe, 728 F.2d 97, 102 (2d Cir.1984) ("a guilty plea in no way bars a section 1983 claim under principles of collateral estoppel, waiver, or mootness, where the alleged constitutional violations were not necessarily answered by the admission of guilt")
 
 
 [3]
 The government does not contest that Rotzinger and/or Rotzinger Enterprises own the items in question
 
 
 [4]
 If the government demonstrates a specific nexus and a continuing interest, it may well be able to retain possession of at least some of the items. We do not understand, however, the government's need to retain certain items seized, including three computer printers, computer software, several software manuals, and a power strip
 
 
 [5]
 If the government demonstrates a specific nexus and a continuing interest, the court must balance the equities to determine whether the government may retain possession. The court should consider factors including "whether the plaintiff has an individual interest in and need for the material; ... whether ... [the plaintiff] would be irreparably injured by denial of the return of the property; and whether ... [the plaintiff] has an adequate remedy at law for redress of ... [his] grievance." Mr. Lucky, 587 F.2d at 17. In addition, the court should consider "whether the government's interest could be served by an alternative to retaining the property." In re Smith, 888 F.2d 167, 168 (D.C.Cir.1989). Alternatives may include returning original documents to the owner but preserving copies for government use. See Advisory Committee Notes to Fed.R.Crim.P. 41(e), 1989 Amendment. If the government has lost, damaged, or destroyed the property, the owner may recover damages. Mora v. United States, 955 F.2d 156, 159-60 (2d Cir.1992); United States v. Martinson, 809 F.2d 1364, 1368 (9th Cir.1987). Finally, if the government needs to protect the confidentiality of its ongoing tax investigation, the district court may conduct an in camera hearing on the return of property motion. Mr. Lucky, 587 F.2d at 17
 
 
 [6]
 Section 2410 waives sovereign immunity to actions to quiet title against the United States. Jurisdiction is based on 28 U.S.C. Sec. 1340, which states that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. Sec. 1340; see Harrell v. United States, 13 F.3d 232, 234 (7th Cir.1993)
 
 
 [7]
 Rotzinger also argues that the injunction preventing him from acting as a tax preparer is illegal and unconstitutional and should be dissolved. At the time this appeal was filed, a motion to dissolve the injunction was pending in the district court. As the district court had issued no final judgment on this motion before Rotzinger filed his appeal, we have no jurisdiction to hear this claim. 28 U.S.C. Sec. 1291