53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ELEVEN THOUSAND DOLLARS ($11,000.00) UNITED STATES CURRENCY, Defendant,
Appeal of: Shawqi HINDI, Claimant-Appellant.
 No. 94-1538.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 5, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 The United States brought a civil forfeiture action for $11,000 cash seized from Shawqi Hindi when Hindi used the money to purchase food stamps illegally. The government moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Hindi concedes that he has no legal basis to challenge the forfeiture. He argues, however, that the district court wrongfully denied his request for equitable jurisdiction made in his answer to the government's Rule 12(c) motion.
 
 
 2
 Hindi claims that loss of the $11,000 has eroded his relationships with the friends and family who loaned him the money, and with his wife, whose jewelry Hindi gave as collateral for the loans. Hindi argues that the contempt, ridicule, constant harassment, and threats of physical violence he receives from these people have caused his health to deteriorate and he will be irreparably injured if the money if the money is not returned to him.
 
 
 3
 The district court may invoke equitable jurisdiction over an independent cause of action for the return of property seized by the government. The court must follow general equitable principles. Linarez v. United States Dept. of Justice, 2 F.3d 208, 213 (7th Cir. 1993); Interstate Cigar Co. v. United States, 928 F.2d 221, 222 n.1 (7th Cir. 1991); Mr. Lucky Messenger Service, Inc. v. United States, 587 F.2d 15, 16-17 (7th Cir. 1978). "The jurisdiction in equity attaches unless the legal remedy, both in respect to the final relief and the mode of obtaining it, is as efficient as the remedy which equity would afford under the same circumstance." Interstate Cigar, 928 F.2d at 223 (quoting Gormley v. Clark, 134 U.S. 338, 349 (1890)).
 
 
 4
 Because the district court already had jurisdiction over the pending in rem action, Hindi was asking the district court to exercise its equitable power to deny the forfeiture. Equitable relief is appropriate when, among other things, no adequate legal basis exists for relief. Linarez, 2 F.3d at 213; see, e.g., Mr. Lucky, 587 F.2d at 17. The forfeiture statute here, 7 U.S.C. Sec. 2024(g) states:
 
 
 5
 The Secretary may subject to forfeiture and denial of property rights any nonfood items, moneys, negotiable instruments, securities, or other things of value that are furnished or intended to be furnished by any person in exchange for [food stamp] coupons....
 
 
 6
 Although legal defenses can be made to section 2024(g) forfeiture, they were foreclosed by Hindi's concessions here and his guilty plea to the crime. Hindi had an adequate, but nonmeritorious, legal remedy. The district court also considered other equitable principles (Hindi's interest and need for the currency, and his irreparable injury claim), but denied Hindi's request based on the insufficiency of those factors and Hindi's unclean hands (by virtue of his admitted criminal acts). The district court decision was not an abuse of discretion.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 In the final paragraph of his reply brief Hindi makes a passing reference to double jeopardy. We do not interpret this as an argument, and even if we did, we do not consider arguments raised for the first time in the reply. Toney v. Peters, No. 92-3769 & 93-1331, slip op. at 8, n.6 (7th Cir. Feb. 23, 1995). Hindi makes no Eighth Amendment claim