MEMORANDUM *
In 08-35427, a federal grand jury witness appeals from the district court’s denial of his motion for return of property under Federal Rule of Criminal Procedure 41(g) and for an evidentiary hearing. The district court did not abuse its discretion in declining to exercise its equitable jurisdiction under the four-factor analysis established in Ramsden v. United States, 2 F.3d *289 322 (9th Cir.1993). The district court also did not abuse its discretion in denying the motion for an evidentiary hearing. The witness did not proffer expected testimony that would have been relevant to the Ramsden factors. The case cited by the witness, United States v. Martinson, 809 F.2d 1364 (9th Cir.1987), is inapposite because it concerns the merits of a motion for return of property, which the district court would only reach after deciding under Ramsden to exercise equitable jurisdiction. The witness also points to Mr. Lucky Messenger Service, Inc. v. United States, 587 F.2d 15 (7th Cir.1978), which bears on Ramsden factor one. That case, however, is factually distinguishable from this case as it now stands. Neither the property at issue nor the lapse in time are sufficient to support a claim that the government has displayed callous disregard for the witness’s constitutional rights. We affirm without prejudice to the witness renewing his motion on a proper showing of the Ramsden factors.
In 08-35537, the witness appeals from the district court’s denial of his motion for a copy of his own grand jury testimony. Because the witness seeks a copy of his testimony transcript, we need not determine the standard that applies when a witness seeks mere access to his testimony transcript. Compare In re Grand Jury, 566 F.3d 12 (1st Cir.2009), with In re Grand Jury, 490 F.3d 978 (D.C.Cir.2007) (per curiam). The district court did not abuse its discretion in determining that the witness’s “particularized need” was outweighed by the government’s need for grand jury secrecy. We observe that the district court denied the motion without prejudice.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.