**Supreme Court**
No. 2012-60-C.A.

State :

v. :

Jaimeson Rushlow. :

**O R D E R**

The defendant, Jaimeson Rushlow, appeals from a Superior Court order denying his motion for the return of seized property. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and after reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this order, we vacate the order of the Superior Court.

On April 2, 2008, defendant was charged by criminal information with assaulting his estranged wife, Frances Rushlow, as well as stealing, or attempting to steal, cash from her. Subsequently, on June 20, 2008, Ms. Rushlow reported another incident to the Cumberland police alleging that defendant had broken into her apartment the night before, dragged her out of bed, restrained her with his shirt, and then raped her. Following an investigation, defendant was charged with burglary and various sexual assault charges. See State v. Rushlow, 32 A.3d 892 (R.I. 2011).

After a jury trial, defendant was found not guilty of the burglary offense but guilty of domestic first-degree sexual assault for which he was sentenced to thirty-five years, with fifteen years to serve and twenty years suspended, with twenty years probation. See Rushlow, 32 A.3d

-1-

at 895 n.3. Thereafter, on October 12, 2010, the state dismissed the larceny and assault charges under Rule 48(a) of the Superior Court Rules of Criminal Procedure[1] with the following explanation:

> "Defendant was found guilty after trial [on the first-degree sexual assault charge] and was sentenced to 35 years with 15 to serve. The victim in this case is the same and does not want to go through another trial on a less[e]r charge. State dismisses this case in the interest of Justice."

On December 6, 2010, defendant filed a motion to restore property, requesting the return of the $247.41 that had been confiscated by the police on the night of his arrest in relation to the larceny charge. A hearing on defendant's motion was held on January 28, 2011, at which time the state argued:

> "I think it's unbelievable that this defendant comes before the [c]ourt now after he was found guilty of raping this victim, that he now wants to take back the $240 that he allegedly took from her. I don't know if the State has any standing to object because the case was dismissed, but I know Your Honor has great discretion in whether you would actually grant this motion; so I leave it to Your Honor's discretion. I think in the interests of justice this particular motion should be denied."

The defendant argued that the underlying larceny charge was dismissed and, thus, "has no bearing on the false allegations and wrongful[] * * * convict[ion] of raping [his] wife." He stated: "If she wants to take this to trial and prove it, then we'll take it to trial, but she dismissed it so there should be no argument. It has nothing to do with the conviction of my recent charges."

In response, the hearing justice concluded that the court had "a great amount of discretion in this matter," and she stated that she had not been aware of the fact that defendant "had been

---

[1] Rule 48(a) of the Superior Court Rules of Criminal Procedure states that "[t]he attorney for the State may file a dismissal of an indictment, information, or complaint and the prosecution shall thereupon terminate."

convicted after trial of a rape charge of the same victim" when he filed the motion to restore the property. As a result, the hearing justice denied his motion. The defendant filed a timely appeal.

We previously have stated that "[c]ompetent legal evidence must be presented at a hearing so that the [court] * * * may determine whether the government has any right to retain the seized property." State v. Shore, 522 A.2d 1215, 1217 (R.I. 1987). It is the state's burden to "show that the property is necessary to the success of an active criminal investigation, is going to be used as evidence in a pending criminal trial, or is subject to forfeiture." Id. As such, it follows that the burden also falls on the state to show that the property had been "stolen or otherwise unlawfully taken from the owner" to prevent such property from being returned. See G.L. 1956 §§ 12-5-7; 12-17-6.[2] As this Court noted, "the seizure of property from an individual is prima facie evidence of that individual's entitlement to the property." Shore, 522 A.2d at 1217. Therefore, if the state does not present "serious reasons to doubt the individual's entitlement,"

---

[2] General Laws 1956 § 12-5-7 states that:

> "(a) The property seized shall be safely kept by the officer seizing it, under the direction of the court, so long as may be necessary for the purpose of being used as evidence in any case.
> "(b) As soon as may be thereafter, if the property is subject to forfeiture, further proceedings shall be had on the property for forfeiture as is prescribed by law in chapter 21 of this title.
> "(c) If the property seized was stolen or otherwise unlawfully taken from the owner, or is not found to have been unlawfully used or intended for unlawful use, or is found to have been unlawfully used without the knowledge of the owner, it shall be returned to the person legally entitled to its possession."

General Laws 1956 § 12-17-6, pertaining to property detained as evidence for trial, states:

> "All property, money, or estate taken or detained as evidence in any criminal cause shall be subject to the order of the court before which the indictment, information, or complaint shall be brought or pending, and shall, at the termination of the cause, be restored to the rightful owner."

and does not "produce[] evidence to substantiate its claim, the individual need not come forward with additional evidence of ownership." Id.

The state, in its Rule 12A statement, asserts that the money was, in fact, unlawfully taken from the defendant's estranged wife, who the state claims is the rightful owner, but simultaneously "recognizes that no proof of such allegation was presented at the * * * January 28, 2011, proceeding." As such, the state declares it "has no objection to the vacation of the below judgment denying [the defendant's] 'motion to restore property in the amount of $247.41' * * * without prejudice to the [s]tate's establishing, by competent evidence in the Superior Court, [the defendant's] disentitlement to the $247.41 at issue." The state, however, had an opportunity to meet its burden of proof to overcome the prima facie evidence that the defendant was entitled to the money. Instead, it did not submit any evidence and, therefore, did not meet its burden of proof. Accordingly, we vacate the order of the Superior Court and remand with directions that the Superior Court enter an order requiring the state to return to the defendant the money seized from his person at the time of his arrest, without prejudice to the state's ability to refile.

Entered as an Order of this Court on this 29th day of May, 2013.

By Order,

_____/s/_____
Clerk

-4-



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**      State v. Jaimeson Rushlow.

**CASE NO:**      No. 2012-60-C.A.
(P2/08-911A)

**COURT:**      Supreme Court

**DATE ORDER FILED:**      May 29, 2013

**JUSTICES:**      Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**      N/A – Court Order

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Kristin E. Rodgers

**ATTORNEYS ON APPEAL:**

For State:   Aaron L. Weisman
Department of Attorney General

For Defendant:  Jaimeson Rushlow, Pro Se